Susan H. Armstrong Holmes
16013 S. Desert Foothills Parkway, #1077
Phoenix, Arizona 85048
Phone: 480-529-1958
Email: 2515read@gmail.com

Pro Se Defendant & Counter Claimant

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 19 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

"NO COPY"

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA - RENO DISTRICT

| | |
|---|---|
| THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN HELEN ARMSTRONG HOLMES, an individual,<br><br>Defendant. | Case Number: 3:22-cv-00375<br><br>**NOTICE OF REMOVAL**<br><br>(Removed From: 2nd Judicial District Court for Washoe County, Case No. CV22-01205, Dept. D10) |

TO:   Clerk of the U.S. District Court for the District Nevada - Reno

**PLEASE TAKE NOTICE THAT** defendant Susan Helen Armstrong Holmes (hereafter "Defendant,") hereby removes to this Court the state court action described herein, pursuant to Section 28 U.S.C. Sections 1332, 1441, 1446 and 1447. Pursuant to 28 U.S.C. Section 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the Second Judicial District Court in and for Washoe County, Nevada.

## INTRODUCTION

1.  On July 28, 2022, Plaintiffs The R.J. Armstrong Living Trust and David C. Armstrong (collectively "Plaintiffs,") filed a complaint (the "Complaint,") in the Second Judicial District Court in and for the County of Washoe Nevada, styled as *The R. J. Armstrong Living Trust and David C. Armstrong, et al v. Susan Helen Armstrong Holmes*, Case No. CV22-0125 (the "State Court Action.")

2.       The State Court Action involves a defamation claim as well as the breach of a settlement agreement (the "Settlement Agreement,") wherein Plaintiffs were to pay the Defendant the sum of $650,000.00 on or before July 9, 2022 (the "Payment."). The Payment is required by a "Settlement Agreement" dated May 9, 2022.

3.       A completed civil cover sheet is attached hereto as **Exhibit 1.** An index of all documents filed in the State Court Action is attached as **Exhibit 2,** and separately tabbed copies of all documents and proceedings to date in the State Court Action are attached here as additional **Exhibits 3, 4** and **5.**

## BASIS FOR REMOVAL

I.       **Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant To 28 U.S.C. Sections 1332 and 1441(b).**

4.       Pursuant to 28 U.S.C. Sections 1332, this Court has jurisdiction over this action because it is between citizens of different states and the amount in controversy is greater than $75,000.00. Therefore, this action could have originally been filed in this Court and is now properly removed.

   a.    **There is complete diversity among the parties.**

5.       Plaintiff The R.J. Armstrong Living Trust and David C. Armstrong are both\ citizens of the State of Nevada

6.       Hence, there is complete diversity between the Plaintiffs and the Defendant in this case, and this Court has subject matter jurisdiction under 28 U.S.C. Section 1332.

   b.    **The Amount in Controversy Requirement is Satisfied**

7.       To determine the amount in controversy, the courts looks first to the plaintiff's state court petition. The *"party invoking the jurisdiction of the federal court has the burden of proving that is appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. "* See *Scherer v. The Equitable Life Assurance Society of the United States.,* 347 F.3d 394, 398 (2nd Cir. 2002.) There is a rebuttal presumption that the fact of the complaint or the face of the counterclaim is a good faith representation of the *"actual amount*

*in controversy,*" and "*to overcome the face-of-the-complaint presumption, they party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold.*" Id.

8. The amount in controversy meets the jurisdictional requirements as the Plaintiffs alleges damages in excess of $25,000 and the defendant alleges damages of $650,000.00.

9. This Notice of Removal has been timely filed pursuant to 28 U.S.C. Section 1446(b)(1) ("The notice of removal in a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.")

WHEREFORE, defendant Susan Helen Armstrong Holmes respectfully gives notice that the above-captioned civil action pending in the Second Judicial District Court in and for Washoe County, Nevada, is removed to this Court pursuant to 28 U.S.C. Sections 1332, 1441 and 1447.

**Dated: August 17, 2022.**

*[signature]*

**Susan Helen Armstrong Holmes**
**Pro Se Defendant & Counterclaimant**

3