UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE R.J. ARMSTRONG LIVING TRUST and DAVID C. ARMSTRONG,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN HELEN ARMSTRONG HOLMES,<br><br>Defendant. | Case No. 3:22-cv-00375-ART-CSD<br><br>ORDER |

The R.J. Armstrong Living Trust ("Trust") and trustee David C. Armstrong (together "Plaintiffs") bring this action against Defendant Susan Helen Armstrong Holmes for breach of the non-disparagement clause in a settlement agreement reached between the parties in a prior dispute. Ms. Holmes brings counterclaims against Plaintiffs for breach of contract for not releasing to her from the Trust the money contemplated in the settlement agreement. Before the Court are: (1) Plaintiffs' motion to strike and to dismiss Ms. Holmes's counterclaims (ECF No. 6); (2) Plaintiffs' motion to strike Ms. Holmes's corrected notice of removal (ECF No. 20); (3) Ms. Holmes's motion to file an amended answer and counterclaim (ECF No. 31); (4) Ms. Holmes's motion for summary judgment (ECF No. 34); and (5) Plaintiffs' motion to amend complaint (ECF No. 37). For the reasons set forth in this order, the Court: (1) grants Ms. Holmes's motion to file an amended answer and counterclaim and therefore denies Plaintiff's motions to strike and motion to dismiss as moot; (2) grants in part and denies in part Ms. Holmes's motion for summary judgment; and (3) grants Plaintiffs' motion to amend complaint.

**I.  BACKGROUND**

Plaintiffs initiated this case for breach of contract and breach of the implied covenant of good faith and fair dealing in the Second Judicial District Court of

1

1   the State of Nevada on July 28, 2022. (ECF No. 1-3 ("Complaint").) Ms. Holmes
2   filed an answer in the Second Judicial District Court dated August 15, 2022,
3   which included counterclaims for breach of contract and breach of fiduciary duty.
4   (ECF No. 1-4.) Ms. Holmes removed the case to this Court on August 19, 2022.
5   (ECF No. 1.)

6   According to Plaintiffs' complaint, the Trust was created following the death
7   of Richard J. Armstrong. (Complaint at ¶ 6.) The Trust named Plaintiff Armstrong,
8   Ms. Holmes, and Ms. Holmes's children as beneficiaries. (*Id.* at ¶ 7.) On May 9,
9   2022, Plaintiff Armstrong and Ms. Holmes entered into a settlement agreement
10  which contained, among other items, a non-disparagement clause stating:

> The Settling Parties agree to refrain from public or private statements to any third party (by word of mouth, in writing, or by email, social media, or any other written or electronic means) which would disparage an opposing party (regardless of whether such statements are believed to be true), including, but not limited to, any negative or critical remarks concerning the other, including management style, methods of doing business, treatment and conduct towards and with Richard J. Armstrong, and/or relationships any other family members. In the event of a breach of this provision, a court of competent jurisdiction can enforce the provision as material to this Agreement; however, the sole remedy available to the Parties is injunctive relief and reimbursement of attorneys' fees and costs to enforce the provision.

19  (*Id.* at ¶¶ 8-10; ECF No. 1-3 Exh. 1 at 9.) The settlement agreement also contained
20  a good faith clause stating that "It is agreed and understood that this Agreement
21  is entered into in good faith." (ECF No. 1-3 Exh. 1 at 10.)

22  Beginning on May 22, 2022, Ms. Holmes then allegedly sent a series of
23  disparaging text messages and emails to Plaintiff Armstrong's legal counsel on
24  the theme that Plaintiff Armstrong was "betraying his family for money[.]"
25  (Complaint at ¶¶ 11-17.) Plaintiff Armstrong's counsel responded that her
26  statements were a breach of the non-disparagement clause of the settlement
27  agreement and to immediately cease and desist. (*Id.* at ¶ 12.) Ms. Holmes also
28  allegedly sent Plaintiff Armstrong's minor son a series of disparaging text

messages beginning on July 7, 2022, and has allegedly made disparaging statements to her own children as well. (*Id.* at ¶¶ 18-22.) Plaintiffs' complaint seeks general, compensatory, and punitive damages with interest as well as injunctive relief. (*Id.* at 8.)

Ms. Holmes's answer contains allegations which relate to the dispute underlying the settlement agreement. (ECF No. 1-4 at ¶¶ 14-20.) Ms. Holmes brings counterclaims for breach of contract and breach of fiduciary duty for Plaintiffs' alleged failure to release to Ms. Holmes the sum of $650,000.00 on or before July 9, 2022. (*Id.* at ¶¶ 28-36.) Ms. Holmes filed her answer and counterclaims pro se.

## II.   PROCEDURAL HISTORY

On August 31, 2022, Plaintiffs filed a motion to strike and to dismiss Ms. Holmes's counterclaims. (ECF No. 6.) The motion to strike seeks to strike paragraph 3 of Ms. Holmes's answer, which states that "Those documents referenced in the following paragraphs, [sic] speak for themselves and do not require a response:  10, 11, 13, 14, 15, 16, 18, 19, 20, 21 and 31." (*Id.* at 5-6.) The motion to strike also seeks to strike Ms. Holmes's allegations that Plaintiffs breached their duty to deliver the settlement money on July 9, 2022, on the basis that this date was the result of a computation error and the true delivery deadline under the settlement agreement was August 3, 2022. (*Id.* at 6-7.) The motion to dismiss argues that Ms. Holmes's counterclaims must be dismissed because the allegations relating to the conduct underlying the settlement agreement are immaterial and fail to state a claim. (*Id.* at 7-8.)

On September 13, 2022, Ms. Holmes filed a corrected notice of removal which had as an attachment a corrected answer and set of counterclaims. (ECF No. 9.) The corrected answer and counterclaims omitted reference to the conduct underlying the settlement agreement and also added Barton Pyper, P.L.L.C., as counsel for Ms. Holmes. (ECF No. 9 Exh. 3.)

On September 27, 2022, Plaintiffs filed a motion to strike Ms. Holmes's corrected notice of removal. (ECF No. 20.) The motion to strike argued that the submission of the corrected answer and counterclaims was a material misrepresentation to the Court because it had not been filed in the Second Judicial District Court, evidenced by its lack of a file stamp.

On October 17, 2022, Ms. Holmes filed a motion to file an amended answer and counterclaim. (ECF No. 31.) The proposed amended answer and counterclaim contains only one counterclaim for breach of contract which states that Plaintiffs breached the settlement agreement by failing to deliver the money on August 3, 2022. (ECF No. 31 Exh. 1.)

Ms. Holmes filed a motion for summary judgment on October 24, 2022. (ECF No. 34.) Ms. Holmes argues that judgment as a matter of law on her breach of contract counterclaim is warranted because it is undisputed that Plaintiffs had a contractual duty to deliver the money on August 3, 2022, and that did not occur. Ms. Holmes also argues that she is entitled to summary judgment on Plaintiffs' breach of contract claim against her because Plaintiffs breached the settlement agreement by not delivering the money and because Plaintiffs are suing for money damages when the settlement agreement expressly limits remedies for breach of the non-disparagement provision to an injunction and attorney's fees.

On November 4, 2022, Plaintiffs filed a motion to amend complaint. (ECF No. 37.) The proposed amended complaint adds allegations that Ms. Holmes breached an additional provision of the settlement agreement stating that "[i]t is agreed and understood that this Agreement is entered into in good faith." (ECF No. 37-1 at ¶ 23.) The proposed amended complaint adds a breach of contract claim alleging that Ms. Holmes never intended to honor the non-disparagement clause of the settlement agreement and therefore entered into the agreement in bad faith. (*Id.* at ¶¶ 38-44.)

### III. MOTIONS TO AMEND

Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and therefore "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir.2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). A court may find that amendment is not warranted, however, if one or more of the following are present: (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; or (4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir.2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Delay, by itself and without prejudice to the opposing party, is insufficient to justify denial of leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

Plaintiffs oppose Ms. Holmes's motion to amend on the basis of Ms. Holmes's counsel having filed with the Second Judicial District Court the corrected answer and counterclaim that Ms. Holmes submitted with this Court, which Plaintiffs argue is unauthorized practice of law since Ms. Holmes's attorney had not sought pro hac vice admission in the Second Judicial District Court. (ECF No. 36.) However, it is not the province of this Court to police alleged violations of rules in state court, and in any event Ms. Holmes has submitted in reply a revised corrected filing which names Nevada counsel.[1] (ECF No. 38.) More

---

[1] As counsel for Ms. Holmes points out, the failure to seek pro hac vice admission in the Second Judicial District Court is understandable in light of the procedural history of this case, since there would ordinarily be no need for further state court filings once the case has been removed.

fundamentally, Plaintiffs do not explain why the filing of this amended pleading would cause Plaintiffs to suffer prejudice, especially since, as Ms. Holmes explains, the amended pleading is responsive to defects raised in Plaintiffs' own motion to strike and to dismiss. Ms. Holmes's motion to amend (ECF No. 31) is granted. Plaintiffs' motion to strike and to dismiss (ECF No. 6) and motion to strike (ECF No. 20) are denied as moot as they pertain to pleadings which are now inoperative.

In opposition to Plaintiffs' motion to amend, Ms. Holmes argues that the non-disparagement provision of the settlement agreement prohibit Plaintiffs from suing for causes of action beyond injunctive relief and attorney's fees. (ECF No. 41.) Ms. Holmes argues that allowing addition of Plaintiffs' additional breach of contract claim for violation of the good faith provision of the settlement agreement would be tantamount to rewriting the contract. However, as Plaintiffs point out, the settlement agreement limits remedies only with respect to breach of the non-disparagement provision. (ECF No. 42.) Plaintiffs are seeking to add a claim for breach of another provision, the good faith provision, and nothing in the settlement agreement or contract law prohibits this. Ms. Holmes has not shown that she will incur undue prejudice as a result of amendment. Plaintiffs' motion to amend (ECF No. 37) is granted.

## IV.   MOTION FOR SUMMARY JUDGMENT

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v.*

---

In this case, however, the Court ordered counsel for Ms. Holmes to file a corrected pleading in the Second Judicial District Court as part of the resolution of the "ghost lawyer" dispute earlier in this case. (*See* ECF No. 29.)

6

*Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

Here, Ms. Holmes seeks summary judgment in two respects: (1) in her favor on her counterclaim for breach of contract based on Plaintiffs' not releasing the settlement money; and (2) against Plaintiffs on their two claims due to the fact that Plaintiffs are pursuing money damages in contravention of the limitations of the non-disparagement provision of the settlement agreement. (ECF No. 34.) Plaintiffs respond that their performance is excused because Ms. Holmes's disparaging communications constitute a material breach of the settlement agreement, thereby excusing Plaintiffs from performance. (ECF No. 39.) Plaintiffs also argue that summary judgment is premature as discovery has not yet closed in this case.

In a breach of contract case based on diversity jurisdiction, federal courts apply the contract law of the state in which the federal court sits. The Supreme

1  Court of Nevada has recognized the principle that "one party's material breach of
2  its promise discharges the non-breaching party's duty to perform." *Cain v. Price*,
3  134 Nev. 193, 196, 415 P.3d 25, 29 (2018). Whether a party has breached a
4  contract and whether the breach is material are questions of fact." *Las Vegas*
5  *Sands, LLC v. Nehme*, 632 F.3d 526, 536 (9th Cir. 2011) (citing *Hoffman v. Eighth*
6  *Judicial Dist. Court*, 90 Nev. 267, 523 P.2d 848, 850 (1974)); *see also Crowley v.*
7  *Epicept Corp.*, 883 F.3d 739, 753 (9th Cir. 2018) ("Whether a breach is material
8  is generally a question of fact for the jury."). The Court holds that whether Ms.
9  Holmes's alleged breaches are material breaches is a disputed issue of fact and
10 therefore summary judgment on Ms. Holmes's counterclaim is inappropriate.

11 Plaintiffs point out the fact that the non-disparagement clause in the
12 settlement agreement expressly describes that provision as material. (*See* ECF
13 No. 1-3 Exh. 1 at 9.) However, that provision also expressly limits the remedies
14 for breach to injunctive relief and attorneys fees. Plaintiffs therefore cannot
15 suspend performance based only on breach of that provision, even if the breach
16 is a material breach. Ms. Holmes's motion for summary judgment is therefore
17 granted with respect to Plaintiffs' claims for damages for breach of the non-
18 disparagement provision. However, since Plaintiffs are alleging breach of the good
19 faith provision of the settlement agreement, money damages may be awarded and
20 Plaintiffs' suspension of performance may be justified if a jury finds that the good
21 faith provision was breached and the breach was material. Because of this,
22 summary judgment dismissal of Plaintiffs' two claims is inappropriate.

23 **V.  CONCLUSION**

24 Ms. Holmes's motion to amend (ECF No. 31) is granted. Plaintiffs' motion
25 to strike and to dismiss (ECF No. 6) and motion to strike (ECF No. 20) are denied
26 as moot.

27 Plaintiffs' motion to amend (ECF No. 37) is granted.

28 Ms. Holmes's motion for summary judgment (ECF No. 34) is granted with

respect to Plaintiffs' claims for money damages for breach of the non-disparagement clause of the settlement agreement and denied in all other aspects.

DATED THIS 26th day of May 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE