# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and DAVID C. ARMSTONG, an individual,

    Plaintiffs

v.

SUSAN HELEN ARMSTRONG HOLMES, an individual,

    Defendant

Case No.: 3:22-cv-00375-ART-CSD

**Order**

Re: ECF No. 69

SUSAN HELEN ARMSTRONG HOLMES, an individual,

    Counter-Plaintiff,

v.

THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,

    Counter-Defendants

Plaintiffs/Counter-Defendants filed a memorandum in support of their request for a conference with magistrate[1] re: Defendant/Counter-Plaintiff's untimely discovery production and destruction of evidence (texts and emails). (ECF No. 69.)

---

[1] It should be noted there are no longer any "magistrates" at the federal court. Since 1990, there are United States "magistrate judges" at the federal court. *See* 28 U.S.C. 631.

Plaintiffs/Counter-Defendants assert that on Saturday August 26, 2023, Defendant/Counter-Plaintiff produced 57 pages of texts exchanged with her son via email, and Defendant/Counter-Defendant's deposition was set to commence this morning, August 28, 2023. They assert the production is untimely because Plaintiffs/Counter-Defendants previously demanded these texts in discovery. In addition, Defendant/Counter-Plaintiff represented in discovery responses that she regularly deletes emails and texts and did not previously produce any emails and texts exchanged with third parties concerning Plaintiffs/Counter-Defendants. This includes emails and texts exchanged *after* she anticipated this litigation and *after* she received a litigation preservation notice. Plaintiffs/Counter-Defendants contend that this appears to warrant spoliation sanctions.

The memorandum states that Plaintiffs/Counter-Defendants' counsel intended to call the court on August 28, 2023, at 9:00 a.m., to discuss this issue in advance of Defendant/Counter-Plaintiff's deposition.

The undersigned issued a Civil Standing Order which requires, among other things, that the parties *must first meet and confer* to try and resolve any discovery dispute in compliance with Local Rule IA 1-3(f). The "mere exchange of letters or e-mails does *not* satisfy the meet and confer requirement. If the parties are unable to resolve their dispute informally *after a good faith effort*, the party seeking the requested discovery must filed a motion regarding discovery dispute. (ECF No. 4.)

Plaintiffs/Counter-Defendants' memorandum does not indicate that a good faith effort was made to meet and confer before the filing of the memorandum. Nor is it clear what relief Plaintiff/Counter-Defendants seek. There is a request for a status conference, but the memorandum indicates that counsel was going to call the court at 9:00 a.m., and that did not

occur. The memorandum did not seek any specific relief with respect to Ms. Holmes' deposition, such as postponing the deposition. Nor has any formal motion for spoliation sanctions been filed.

For these reasons, insofar as Plaintiffs/Counter-Defendants' memorandum requests a status conference, the request is **DENIED**. If the parties have not resolved this issue today, they are directed to meet and confer, either in person or over the telephone. If the parties are not able to informally resolve their dispute, and if the requested relief on the part of Plaintiffs/Counter-Defendants is the issuance of spoliation sanctions, then Plaintiffs/Counter-Defendants shall file a properly supported motion for spoliation sanctions under Federal Rule of Civil Procedure 37(e). The court will address the issue after any such motion has been fully briefed.

**IT IS SO ORDERED**.

Dated: August 28, 2023

_____
Craig S. Denney
United States Magistrate Judge

3