UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE R.J. ARMSTRONG LIVING TRUST, et al.,<br><br>  Plaintiffs<br><br>v.<br><br>SUSAN HELEN ARMSTRONG HOLMES,<br><br>  Defendant | Case No.: 3:22-cv-00375-ART-CSD<br><br>**Order** |
| SUSAN HELEN ARMSTRONG HOLMES,<br><br>  Counterclaimant<br><br>v.<br><br>THE R.J. ARMSTRONG LIVING TRUST, et al.,,<br><br>  Counter-defendants | |

Counsel for Plaintiffs/Counter-defendants sent an e-mail to chambers on January 23, 2024, advising the court of a discovery dispute with Defendant/Counterclaimant Susan Helen Armstrong Holmes concerning a subpoena duces tecum served on Mr. Armstrong's "on and off again romantic partner," Mylin Rosales. Plaintiffs/Counter-defendants claim that she has no relevant information or material pertaining to this case, and Ms. Rosales was not identified as a witness in Ms. Holmes' disclosures. Counsel for Plaintiffs/Counter-defendants also represents Ms. Rosales. Counsel requests an in-person conference to resolve this dispute pursuant to the

court's scheduling order (ECF No. 49 at 4:17-19) to avoid having to file a motion to quash and request for sanctions.

Counsel for Defendant/Counterclaimant sent an e-mail to chambers in response, asserting that Ms. Rosales is Mr. Armstrong's business partner and significant other and lived with Mr. Armstrong when he allegedly breached the parties' contract. Counsel argues that opposing counsel improperly requests an in-person hearing knowing that both defense counsel are located in Utah and Arizona.

The Amended Notice of Deposition attached to the email indicates the deposition has been noticed for February 26, 2024.

Even though the court reminded them of this procedure at the hearing a week ago, counsel should familiarize themselves with the court's Civil Standing Order. (ECF No. 4). This document contains the court's informal discovery dispute resolution procedure that the parties are required to follow in this action. After meeting and conferring to try to resolve their dispute in compliance with Local Rule IA 1-3(f) (in person, by videoconference or telephone), if the parties are unable to resolve their dispute informally, (in this case) the party avoiding discovery must file a motion entitled "Motion Regarding Discovery Dispute" that is **limited to 5 pages in length**. No exhibits are allowed except: (1) a declaration detailing the meet and confer efforts; and (2) the specific discovery request at issue and any objections or responses at issue. The order details the other requirements of the motion. Then, **no less than two days after the motion is filed**, the opposing party must file a response, which is **also limited to 5 pages.** Upon receipt, the court will review the motion and response and determine whether formal briefing or a hearing is necessary. If the court determines a hearing is required, it will instruct the parties whether an appearance is required in person or if the parties may appear by video conference.

When out of state counsel is involved, the court generally tries to accommodate counsel by video conference unless a determination is made that an in person appearance would facilitate resolution of the issues or is otherwise justified.

Under the court's Civil Standing Order, in **emergencies** *during* discovery events such as depositions, after meeting and conferring, parties may seek judicial intervention by contacting the court. (ECF No. 4 at 4.) This is not an emergency *during* a discovery dispute. Therefore, this section does not apply.

Counsel references the scheduling order which provides: "Pursuant to LR 26-1(c), the Parties agree that before moving for an order relating to discovery, the moving party must request a conference with the assigned magistrate judge." (ECF No. 49 at 4:17-19.) Local Rule 26-1(c), states that the discovery plan may direct that before moving for an order relating to discovery, the movant must request a conference with the assigned magistrate judge. Here, the request for a conference is governed by the Civil Standing Order.

Counsel did not comply with the Civil Standing Order; therefore, the court will not address this discovery dispute unless and until counsel files a motion in conformity with the Civil Standing Order.

**IT IS SO ORDERED**.

Dated: January 25, 2024

_____
Craig S. Denney
United States Magistrate Judge