UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,<br><br>    Plaintiffs<br><br>v.<br><br>SUSAN HELEN ARMSTRONG HOLMES, an individual,<br><br>    Defendant | Case No.: 3:22-cv-00375-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 71/72 |
| SUSAN HELEN ARMSTRONG HOLMES, an individual,<br><br>    Counterclaimant<br><br>v.<br><br>THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,<br><br>    Counter-Defendants |  |

    On September 8, 2023, Defendant/Counterclaimant Susan Helen Armstrong Holmes filed a motion for leave to file a second amended answer, second amended counterclaim and to join David C. Armstrong as trustee of the R.J. Armstrong Living Trust as an additional party. (ECF No. 71.) In violation of Local Rule 15-1(a), the motion did not attach the proposed amended pleading. On September 11, 2023, Holmes re-filed the motion for leave to amend, this time attaching the proposed second amended answer and counterclaims. (ECF No. 72.) The deadline

to file any response was extended for ten weeks because Holmes' counsel required emergency surgery. (ECF Nos. 76, 78.)

On November 30, 2023, Plaintiffs/Counter-Defendants filed a response. (ECF Nos. 79, 79-1 to 79-2.) On December 7, 2023, Holmes filed a reply. (ECF No. 83.)

For the reasons set forth below, Holmes' motion for leave to amend is granted in part, such that she is granted leave to amend, but she must file a second amended answer and counterclaims that conform with this Order.

## I. BACKGROUND

The R.J. Armstrong Living Trust (the Trust) and David C. Armstrong (individually) filed suit against Holmes in the Second Judicial District Court of the State of Nevada in Washoe County. The complaint alleges that Richard J. Armstrong, the settlor of the Trust, passed away on April 21, 2022. Armstrong, Holmes, and Holmes' children are beneficiaries of the Trust. On May 9, 2022, Armstrong and Holmes and her children entered into a confidential settlement agreement and release where Holmes agreed to take a lump sum of $650,000 as her inheritance. According to the complaint, all parties were independently represented by counsel in the negotiation of the agreement. The agreement contains a non-disparagement clause, and Plaintiffs claim Holmes disparaged Armstrong to his counsel and to Armstrong's minor son, and therefore, breached the settlement agreement as well as the implied covenant of good faith and fair dealing. (ECF No. 1-3.)

Holmes filed an answer and counterclaims for breach of contract and breach of fiduciary duty related to the failure to tender the promised payment of $650,000. (ECF No. 1-4.)

Plaintiffs/Counter-Defendants removed the action to federal court on August 19, 2022. (ECF No. 1.)

On October 17, 2022, Holmes filed a motion for leave to file a first amended answer and counterclaim and proposed amended answer and counterclaim for breach of contract for failure to pay the $650,000. (ECF No. 31.)

On December 13, 2022, the court issued a discovery plan and scheduling order setting September 8, 2023, as the deadline to amend pleadings and add parties. (ECF No. 49 at 2.)

On October 4, 2022, Plaintiffs filed a motion for leave to amend and proposed amended complaint. (ECF Nos. 37, 37-1.) The amended complaint adds a second claim for breach of contract for violation of the good faith provision of the agreement alleging that Holmes entered into the agreement with the aim of collecting the settlement sum without the intent to honor the non-disparagement provision of the agreement.

On May 26, 2023, District Judge Traum granted Holmes' motion to file an amended answer and counterclaims, and she also granted Plaintiffs' motion to amend. (ECF No. 51.)[1] Holmes also moved for summary judgment (ECF No. 34), which Judge Traum granted only insofar as Plaintiffs cannot bring claims for money damages for breach of the non-disparagement clause of the settlement agreement because the agreement provides that the available remedies are injunctive relief and attorney's fees. (ECF No. 51.)

On September 8, 2023, Holmes filed this motion file a second amended answer and second amended counterclaims, and the motion with the proposed second amended answer and second amended counterclaims was filed on September 11, 2023. (ECF Nos. 71, 72.)

///

///

---

[1] Holmes' amended answer and amended counterclaims are set forth at ECF No. 52. The order did not direct the Clerk to file Plaintiffs' proposed amended complaint as the operative complaint; however, it appears that ECF No. 37-1 is the operative amended complaint.

## II. DISCUSSION

**A. Leave to Amend**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Holmes was required to seek leave to amend.

The moving party must attach the proposed amended pleading to her motion. LR 15-1(a).

Holmes timely filed her motion for leave to amend within the scheduling order's deadline; however, her counsel mistakenly failed to include the proposed amended pleading. The motion for leave to amend was filed on Friday, September 8, 2023, and the proposed amended pleading was filed by counsel as soon as the mistake was realized, on Monday, September 11, 2023. The court finds that the failure to timely file the proposed amended pleading was attributable to excusable neglect on the part of Holmes' counsel. *See* Fed. R. Civ. P. 60(b); LR IA 6-1(a) (a request to extend a deadline after the expiration of the deadline may be granted if the failure to timely file was the result of excusable neglect). While "inadvertence … do[es] not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' … is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391 (1993). It may "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. at 394. The factors relevant to the inquiry include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial

proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id*. at 395 (citation omitted).

Here, the court finds that Plaintiffs/Counter-Defendants are not prejudiced by the delay of three days between the filing of the motion for leave to amend and the filing of the proposed amended pleading. The motion for leave to amend setting forth the grounds for amendment was timely filed, and the proposed amended pleading was mistakenly not included with the filing, but filed as soon as counsel realized the mistake. This short delay had no impact on judicial proceedings, and there is no evidence that counsel acted in bad faith.

As such, the court will now consider the merits of the motion for leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

**B. Adding David C. Armstrong as Trustee of the R.J. Armstrong Living Trust as a Party**

Holmes seeks to add David C. Armstrong as Trustee of the R.J. Armstrong Living Trust as a party, arguing that Nevada law requires all trusts to be litigated in the name of the appointed trustee.

Holmes relies on Federal Rule of Civil Procedure 17(a)(1)(E), Federal Rule of Civil Procedure 19, and Nevada Revised Statute (NRS) 160.145.[2]

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest[.]" The Rule goes on to provide that a trustee of an express

---

[2] Plaintiffs/Counter-Defendants are correct that there is no NRS 160.145. Chapter 160 governs Veterans' guardianship.

5

trust may sue in his or her own name "without joining the person for whose benefit the action is brought[.]" Fed. R. Civ. P. 17(a)(1)(E).

The Plaintiffs in this case are the R.J. Armstrong Living Trust—described in the caption as a Nevada testamentary entity—and David C. Armstrong, individually. The R.J. Armstrong Living Trust and David C. Armstrong, individually, are also both named as counter-defendants.

While Holmes does not cite any legal authority, the court agrees that a trust is not an independent legal entity separate and distinct from the trustees, and as such, a trust itself can neither sue nor be sued in its own name. Instead, the trustee is the real party in interest entitled to sue or be sued. *Causey v. Carpenters S. Nev. Vacation Tr.*, 95 Nev. 609, 610, 600 P.2d 244, 245 (1979) (citation omitted) ("It is the trustee, or trustees, rather than the trust itself that is entitled to bring suit."); *see also Detwiler v. Eighth Jud. Dist. Ct.*, 486 P.3d 710, 716 (Nev. 2021); *Nelson v. Eighth Jud. Dist. Ct.*, 484 P.3d 270, 273 (Nev. 2021) ("a trust may also be a party to a lawsuit through its trustee"). Therefore, this action should have been brought by David C. Armstrong, as trustee of the R.J. Armstrong Living Trust, and any counterclaims against the Trust should be asserted against David C. Armstrong, as trustee.

The court will give Plaintiffs/Counter-Defendants 21 days to file a second amended complaint that includes real party in interest David C. Armstrong as trustee of the R.J. Armstrong Living Trust. To the extent Holmes is permitted to amend, she may also include David C. Armstrong as trustee of the R.J. Armstrong Living Trust in her amended pleading for claims being asserted against the Trust.

**C. Proposed Second Amended Answer**

The proposed second amended answer includes additional affirmative defenses of unclean hands and failure to state a claim upon which relief may be granted. Plaintiffs/Counter-

6

Defendants' only argument with respect to the proposed second amended answer is that Holmes did not discuss these additional affirmative defenses in her motion.

In the absence of a substantive argument against amendment to add these affirmative defenses, the court finds that Holmes should be permitted to amend in this regard.[3]

**D. Proposed Second Amended Counterclaims**

The proposed second amended counterclaim contains five counterclaims.

Plaintiffs/Counter-Defendants argue that leave to amend should not be given because amendment would prejudice them, amendment is sought in bad faith, amendment would unduly delay litigation, and amendment is futile.

Plaintiffs/Counter-Defendants argue that adding these counterclaims and a new party will significantly increase the length of this case and the cost of litigating this matter. In addition, they contend neither Holmes nor Armstrong were deposed on the issues raised in the proposed amended pleading.

Other than possibly having to depose Ms. Holmes and Mr. Armstrong on these limited topics, Plaintiffs/Counter-Defendants do not specifically describe *how* they will be prejudiced by allowing amendment of the counterclaims. They acknowledge that they have also known about the text message that is supposedly the reason for seeking amendment since January 2023. It was obvious before this point that Holmes felt Armstrong has been improperly disparaging her. In fact, both sides claim a violation of the non-disparagement provision in the settlement agreement. Armstrong was likewise aware of Holmes' contentions that the agreed upon payment was not made according the terms of the settlement agreement. While Mr. Armstrong was not

---

[3] The proposed second amended answer and counterclaims are deficient in other respects; therefore, the court will require Holmes to file a new second amended answer and counterclaims.

named as a party in his capacity as trustee, he should have been from the outset, and so this should not have a significant impact on the litigation.

Plaintiffs/Counter-Defendants also argue that the amendment should not be allowed because Holmes waited to raise these counterclaims. Again, while Holmes could have sought leave to amend sooner, she did so within the deadline set forth in the scheduling order, and there is no specific evidence that Holmes or her counsel were acting in bad faith. Therefore, the court will not deny her motion to amend on this basis.

The court will now address Plaintiffs/Counter-Defendants' argument that amendment would be futile.

**1. Proposed Count One – Breach of Contract vs David C. Armstrong (as trustee and individually)**

In proposed Count One, Holmes alleges that between July 25, 2022, and August 3, 2022, Counter-defendants did not have the cash to pay Holmes under the settlement agreement and breached the settlement agreement by: (1) attempting to renegotiate the final payment from $650,000 to $405,000, and (2) by failing to tender payment in the amount of $650,000 on or before August 3, 2022.

Plaintiffs/Counter-Defendants argue that the inability to pay is not an element of a contract claim nor a defense to breach of contract.

The claim is that Plaintiffs/Counter-Defendants breached the settlement agreement when they allegedly attempted to renegotiate the final payment and by failing to timely tender the agreed upon amount. The alleged inability to pay is an additional fact alleged by Holmes. The court finds that Plaintiff is allowed to amend to assert this claim.

///

### 2. Proposed Count Two – Breach of Fiduciary Duty vs David C. Armstrong (as trustee)

In proposed Count Two, Holmes alleges that Armstrong, as trustee, owed Holmes a fiduciary duty as a beneficiary of the trust, and breached this duty by negotiating with Holmes to obtain a reduced inheritance otherwise due to Holmes under the trust that only benefitted Armstrong personally. In addition, Holmes alleges that Armstrong breached his fiduciary duty by requiring a release provision in the settlement agreement to release all financial claims against the Armstrong as trustee and individually, because this provision only benefitted Armstrong personally.

"[A] 'fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.'" *Stalk v. Mushkin,* 125 Nev. 21, 28, 199 P.3d 838, 843 (2009) (quoting Restatement (Second) of Torts § 874 cmt. a (1979)). "[A] breach of fiduciary duty claim seeks damage for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Id*. A trustee owes a fiduciary duty to beneficiaries of a trust. *See e.g. Matter of W.N. Connell and Marjorie T. Connell Living Trust*, 133 Nev. 137, 141, 393 P.3d 1090, 1094 (2017) (discussing duty of impartiality and to avoid conflicts of interest).

Holmes' original counterclaim included a claim for breach of fiduciary duty alleging there was a fiduciary duty to identify and safeguard sufficient trust assets to timely pay the agreed upon amount under the settlement agreement, but this duty was breached when the agreed upon amount was not tendered. (ECF No. 1-4 at 5-6.) Plaintiffs/Counter-Defendants moved to dismiss this counterclaim based on the argument that Holmes' allegations of breach of fiduciary duty did not satisfy the particularized pleading standard of Federal Rule of Civil Procedure 9(b).

It was also argued that she released any such claims in the agreement. (ECF No. 6.) When Holmes amended her answer and counterclaims, the motion to dismiss was rendered moot. (ECF No. 51.) Plaintiffs/Counter-Defendants appear to argue that she cannot now raise that claim again, but District Judge Traum never ruled on the motion to dismiss the breach of fiduciary duty claim.

Plaintiffs/Counter-Defendants may assert as affirmative defenses and any applicable motion that Holmes was represented by counsel in negotiation of the settlement, that the agreement bars oral modifications, that she released such a claim in the agreement, or that she otherwise fails to state a claim.

**3. Proposed Count Three – Injunction against David C. Armstrong (individually)**

Proposed Count Three is for an injunction against David C. Armstrong because Armstrong allegedly published derogatory statements about Holmes in violation of the settlement agreement.

It appears that Holmes brings proposed Count Three for an injunction because Judge Traum definitively determined the settlement agreement provides that injunctive relief is the only permissible relief for violation of the non-disparagement provision. Plaintiffs/Counter-Defendants are correct that "injunction" is not a cause of action, but a claim for relief. The cause of action is one for breach of the settlement agreement (of the non-disparagement provision), and the relief Holmes may seek is injunctive relief. Therefore, Holmes must correct this aspect of her proposed second amended counterclaim to assert a claim for breach of the non-disparagement provision of the settlement agreement which seeks only injunctive relief.

///

///

**4. Proposed Count Four – Breach of the Covenant of Good Faith and Fair Dealing vs David C. Armstrong (as trustee and individually)**

Holmes alleges that Armstrong breached this duty by allegedly publishing derogatory statements about Holmes in violation of the settlement agreement.

Every contract imposes a duty of good faith and fair dealing upon the contracting parties. *A.C. Shaw Constr., Inc. v. Washoe County,* 105 Nev. 913, 914, 784 P.2d 9, 10 (1989). "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995) (citation and quotation marks omitted). Said another way, "[t]he covenant of good faith and fair dealing prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *APCO Construction, Inc. v. Helix Electrical of Nev., LLC*, 509 P.3d 49, 51 (Nev. 2022) (citation and quotation marks omitted). "A plaintiff can recover damages for breach of the covenant of good faith and fair dealing '[e]ven if a defendant does not breach the express terms of a contract.'" *Id*. at 53 (quoting *State, Dep't of Transp. V. Eighth Jud. Dist. Ct.*, 133 Nev. 549, 555, 402 P.3d 677, 683 (2017)).

Holmes sufficiently alleges that Armstrong acted in a manner that was unfaithful to the purpose of the contract when he allegedly sent disparaging text messages about Holmes. Therefore, Holmes is permitted to amend in this regard.

**5. Proposed Count Five – Bad Faith vs David C. Armstrong (individually)**

In Count Five, Holmes alleges that Armstrong had no intention of honoring the non-disparagement provision of the settlement agreement, and subsequently disparaged Holmes.

11

This claim is duplicative of both the claim for breach of the implied covenant of good faith and fair dealing and the claim (improperly labeled as a claim for an injunction) that the settlement agreement was breached when Armstrong sent allegedly disparaging text messages about Holmes.

### III. CONCLUSION

(1) ECF No. 37-1 is the operative amended complaint (ECF No. 37-1); however, Plaintiffs/Counter-Defendants have up to and including **February 21, 2024,** to file a second amended complaint which includes real party in interest David C. Armstrong, as trustee of the R.J. Armstrong Living Trust. They are not permitted to amend in any other aspect.

(2) Holmes' motion for leave to amend (ECF No. 72) is **GRANTED IN PART**. Holmes is granted leave to file a second amended answer and second amended counterclaims consistent with the findings in this Order, and has up to and including **March 8, 2024**, to file a second amended answer and counterclaims that conforms to this Order.

Holmes' motion for summary judgment (ECF Nos. 86-88), which will not address Plaintiffs' operative complaint once the second amended complaint is filed, and is premised, at least in part, on the argument that this action is not being prosecuted by the real party in interest, is **DENIED WITHOUT PREJUDICE**.

If the parties believe that any extension of any scheduling order deadlines is required as a result of this Order, they shall submit a motion or stipulation that complies with the Federal Rules of Civil Procedure and Local Rules.

Dated: January 31, 2024

_____
Craig S. Denney
United States Magistrate Judge