# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,<br><br>　　Plaintiffs<br><br>v.<br><br>SUSAN HELEN ARMSTRONG HOLMES, an individual,<br><br>　　Defendant | Case No.: 3:22-cv-00375-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 99 |
| SUSAN HELEN ARMSTRONG HOLMES, an individual,<br><br>　　Counterclaimant<br><br>v.<br><br>THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,<br><br>　　Counter-Defendants | |

　　Before the court is a motion concerning a discovery dispute filed by Plaintiffs/Counter-Defendants the R.J. Armstrong Living Trust and David C. Armstrong and third party Mylin Rosales filed pursuant to the court's Civil Standing Order. (ECF No. 99.)

　　Defendant/Counterclaimant Susan Holmes has filed a response. (ECF No. 101.)

　　Ms. Rosales is Armstrong's on-again-off-again romantic partner. She was served with an amended notice of deposition and subpoena duces tecum on January 23, 2024, with her deposition noticed for February 26, 2024. She is represented by Mr. Stephenson, who is also counsel for the Trust/Armstrong. The subpoena requests the production of five categories of

documents. Ms. Rosales and the Trust/Armstrong have objected to each of the requests. In this motion, they ask that the subpoena be quashed. They also appear to request, in the alternative, that a protective order be issued.

For the reasons set forth below, the motion is granted in part and denied in part.

## I. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: … (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party or person from whom discovery is sought may move for a protective order" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). This includes, for example, orders "forbidding the disclosure or discovery;" "specifying terms … for the disclosure or discovery;" "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (B), (D).

In addition, "[o]n timely motion, the court for the district court where compliance is required must quash or modify a subpoena that: … (iii) requires disclosure of privileged or other

protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

## II. DISCUSSION

Preliminarily, the court will address the meet and confer efforts of counsel. Counsel for the Trust/Armstrong and Ms. Rosales—Mr. Stephenson—states that he and Mr. Pyper (counsel for Holmes) have met and conferred over this dispute at least four or five times, via email and telephonically, commencing in August of 2023 when Mr. Pyper conveyed his intention to take Ms. Rosales' deposition. (ECF No. 99 at 2.) Under the court's Civil Standing Order, there should be a declaration attached as an exhibit that details the meet and confer efforts undertaken to resolve the dispute. (ECF No. 4 at 3.) Mr. Stephenson's statements are contained within his brief and not in a declaration attached as an exhibit to the motion. Moreover, the statements do not provide *any detail* about the meet and confer process. Counsel are reminded that under both the Civil Standing Order and Local Rule IA 1-3(f), they are required to meet and confer in a good faith effort to resolve their dispute **in person, via videoconference or via telephone.** The mere exchange of letters, voicemails, or emails does not satisfy the meet and confer requirement.

The "law" section of the brief filed by the Trust/Armstrong and Ms. Rosales discusses a party seeking an order to compel discovery. Curiously, the motion states that Ms. Rosales is moving to compel, that she has not made an attempt to meet her burden, and that the burden then shifts to her and the Trust to show why discovery should not be permitted. Ms. Rosales is not moving to *compel* discovery, but to quash or modify a subpoena and/or for a protective order.

Next, the motion is filed by Rosales as well as the Trust/Armstrong. Ms. Rosales certainly has standing to bring the motion. A party, such as the Trust/Armstrong, "lacks standing under [Rule 45] to challenge a subpoena issued to a non-party unless the *party* claims a personal

3

right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, No. 2:04-cv-0119-DAE-GWF, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007) (emphasis added). "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoena issued to a non-party[.]" *Id*.

Similarly, a *party* may not move for a protective order or move to quash a subpoena to protect the interests of a non-party. Instead, a party may only move to protect its own interest affected by discovery sought from the non-party. *Id*. at *3.

The Trust/Armstrong have not established that they have standing to quash the subpoena or seek a protective order; therefore, the motion is denied as to the Trust/Armstrong.

Ms. Rosales seeks an order quashing the subpoena for her to testify and produce documents in its entirety based on the argument that she does not have any material or relevant information to provide about this case. She believes that the only reason she is being deposed is to inflict pain and embarrassment upon Armstrong, with whom she is no longer in a romantic relationship.

The scope of discovery under Rule 45 is the same as that under Rule 26. *See Heard v. Costco Wholesale Corp.*, No. 2:19-cv-00673-RFB-DJA, 2020 WL 515841, at *1 (D. Nev. Jan. 31, 2020). Rule 26 provides for broad and liberal discovery that is related to a party's claim or defense, but the rule limits discovery based on proportionality. Fed. R. Civ. P. 26(b)(1).

Ms. Rosales claims she does not have any information relevant to this case. Holmes, on the other hand, contends Ms. Rosales will be able to shed light on the Trust's financial condition as of August 3, 2022, and in turn, why Holmes did not receive the agreed upon payment under

the settlement agreement. Since Ms. Rosales acknowledges that she was Armstrong's on-again-off-again romantic partner, it is possible she has information relevant to the claims and defenses being asserted in this case. Therefore, the motion is denied insofar as it seeks to quash the subpoena in its entirety and prevent Ms. Rosales from being deposed. Mr. Pyper is cautioned, however, that he must limit his questioning to areas which are relevant to the claims and defenses proceeding in this action, and he shall not engage in a "fishing expedition."

The court will now address each of the categories of documents sought in the subpoena and the objections asserted by Ms. Rosales. If the court denies a motion for protective order, it may also issue an order compelling discovery. *See* Fed. R. Civ. P. 26(c)(2); *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 179 (D. Nev. 2021).

<u>Request for Production No. 1</u>: A copy of all text messages that Ms. Rosales exchanged with Armstrong between May 9, 2022 and August 3, 2022.

<u>Objection</u>: irrelevant, immaterial, harassing, overbroad, calls for personal intimate information that has nothing to do with this case.

<u>Ruling</u>: The objection is overruled in part and sustained in part. The request is overbroad and does clearly call for the production of information that is not relevant to the claims or defenses being asserted here. This request will be limited to text messages that Ms. Rosales exchanged with Armstrong between May 9, 2022 and August 3, 2022, that mention Susan Holmes or assets of the Trust.

<u>Request for Production No. 2</u>: A copy of all text messages and emails that Ms. Rosales sent or received from John Stephenson between May 9, 2022 and August 3, 2022.

<u>Objection</u>**:** irrelevant, immaterial, harassing, attorney-client privilege, attorney work product.

Ruling: The objection is sustained. Mr. Stephenson is the lawyer of Ms. Rosales and her company, Galley, LLC. Therefore, the request seeks information protected by the attorney-client privilege and/or work product doctrine.

Request for Production No. 3: A copy of any texts or emails sent or received regarding the sale of the R.J. Armstrong Living Trust Yuba City, California real estate at any time during 2021 and 2022.

Objection: irrelevant, immaterial, harassing, calls for the production of confidential commercial information.

Ruling: The objection is sustained in part and overruled in part. Holmes argues that she was advised that the Trust would be selling a residential property in Yuba City, California, whose sale proceeds would be combined with cash on hand to tender Holmes the agreed upon $650,000. Mr. Stephenson contacted her on July 25, 2022, and asked for additional time to pay the $650,000. She would like to know about the status of the Yuba City, California property closing, and states she has learned that the property closed on July 12, which demonstrates that the Trust had cash to tender to Holmes. Holmes' brief does not make any connection between the Yuba City, California property sale and *Ms. Rosales*. However, the court has allowed Holmes to discover text messages between Ms. Rosales and Armstrong for the limited timeframe identified above that discuss any assets of the Trust, and the court will therefore allow Holmes to discover any emails between Ms. Rosales and Armstrong for this same timeframe (May 9, 2022 and August 3, 2022) that discuss any assets of the Trust, which would include the Yuba City, California property. If Ms. Rosales did not have any involvement with this real estate transaction, and if she has no communications regarding this asset, then that will be her response.

Request for Production No. 4: A copy of all the documents, emails, or texts regarding your acquisition of Gambi's, a Reno, Nevada restaurant.

Objection: irrelevant, immaterial, harassing, overbroad, not limited in time or scope, calls for the production of confidential commercial information.

Ruling: The objection is sustained. Ms. Rosales represents that she is the owner of Galley, LLC, a restaurant in Northwest Reno, which Armstrong manages. Holmes argues that during Armstrong's deposition, she learned that he sold the Gambi's restaurant to Ms. Rosales. She asserts that this line of inquiry concerns Holmes' position that Armstrong did not have the money to tender to Holmes under the agreement. Holmes does not provide sufficient foundation for the court to conclude the requested information is relevant. For example, she does not state *when* this transaction for sale of the restaurant occurred so as to demonstrate its relevance to the Trust's financial position in or around August 2022. Nor does she provide any specific information linking the restaurant as an asset of the Trust. Moreover, the request is overbroad as it is not limited in time or scope. Finally, this is information that Holmes could have sought in discovery to Armstrong and/or the Trust.

Request for Production No. 5: A copy of any wires, checks, or monetary transfers of any kind between you and the Trust regarding your purchase of Gambi's at any time.

Objection: irrelevant, immaterial, harassing, overbroad – not limited in time, calls for the production of confidential commercial information, particularly private financial and banking information.

Ruling: The objection is sustained for the same reasons asserted with respect to the prior request.

The motion to modify the subpoena/for a protective order is granted consistent with these findings, and Ms. Rosales is otherwise compelled to produce the information outlined above that is in her possession, custody, or control.

Finally, Holmes' brief mentions the deposition notice and subpoena for Spencer Armstrong (who is Armstrong's son), but there is no motion pending before the court concerning the subpoena to Spencer Armstrong. Holmes' brief also discusses the discovery that the Plaintiffs/Counter-defendants have or have not undertaken and the alleged failure to provide a damages computation or expert witness disclosure, but again, this is irrelevant to Ms. Rosales' subpoena.

### III. CONCLUSION

To the extent the Trust/Armstrong move to quash the subpoena and/or for a protective order, the motion is **DENIED AS TO THEM** because they do not provide a basis for the conclusion that they are seeking to protect their own interest, but only that of Ms. Rosales.

Insofar as the motion requests that the subpoena commanding Ms. Rosales to testify and produce documents be quashed in its entirety, the motion is **DENIED**.

The motion is **GRANTED IN PART** consistent with the findings herein insofar as it seeks the modification of the subpoena and/or a protective order

**IT IS SO ORDERED**.

Dated: February 9, 2024

_____
Craig S. Denney
United States Magistrate Judge