John Neil Stephenson (SBN 12497)
STEPHENSON LAW, PLLC
1770 Verdi Vista Court
Reno, Nevada 89523
Tel: 510-502-2347
Fax: 775-403-1773
Email: johnstephensonlaw@gmail.com
Web: jstephensonlaw.com
*Counsel for Plaintiffs/Counterdefendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA – RENO (BRANCH)

| | |
|---|---|
| **DAVID C. ARMSTRONG, as Trustee of THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and**<br>**DAVID C. ARMSTRONG, an individual.**<br><br>            **Plaintiffs,**<br>     vs.<br><br>**SUSAN HELEN ARMSTRONG HOLMES, an individual.**<br><br>            **Defendant.** | Case No.: 3:22-cv-00375-ART-CSD<br><br>**PLAINTIFFS/COUNTERDEFENDANTS' SECOND AMENDED COMPLAINT** |
| **SUSAN HELEN ARMSTRONG HOLMES, an individual,**<br><br>            **Counterclaimant,**<br><br>**DAVID C. ARMSTRONG, as Trustee of THE R.J. ARMSTRONG LIVING TRUST, a Nevada testamentary entity, and**<br>**DAVID C. ARMSTRONG, an individual.**<br><br>            **Counterdefendants** | |

1

## SECOND AMENDED COMPLAINT

Pursuant to this Court's Order [#97, p. 5 line 14 to p. 6 line 20], Plaintiffs David C. Armstrong, as Trustee of the R.J. Armstrong Living Trust and David C. Armstrong, individually, through their undersigned counsel, hereby submit their Second Amended Complaint:

## I.
## PARTIES

1.  Plaintiff David C. Armstrong brings suit as Trustee on behalf of the R.J. Armstrong Living Trust, a Nevada testamentary entity.

2.  Plaintiff David C. Armstrong also brings suit in his individual capacity and is an adult resident of Washoe County, Nevada.

3.  Defendant Susan Helen Armstrong Holmes is an adult resident of Arizona.

## II.
## JURISDICTION AND VENUE

4.  This is an unlimited civil case as Plaintiffs seeks damages and injunctive relief far in excess of the twenty-five thousand ($25,000.00) jurisdictional limit.

5.  Venue in the Second Judicial District Court of Nevada, Washoe County, is proper as Plaintiffs reside in Washoe County and the parties to the subject Confidential Settlement Agreement and Release, attached as Exhibit 1 (p. 11, ¶14) have agreed to resolve any disputes they may have arising from the Agreement in this Court under Nevada law.

## III.
## FACTS

6.  Richard J. Armstrong, the Settlor of the R.J. Armstrong Living Trust, recently passed away on April 21, 2022 at the age of 95-years old from natural causes.

2

7. Plaintiff David C. Armstrong, Defendant Susan Helen Holmes and her children, William Armstrong Holmes and Jennifer Nancy Holmes, are beneficiaries of the R.J. Armstrong Living Trust.

The Settlement Agreement and Release

8. On May 9, 2022, Plaintiff David C. Armstrong, as Trustee on behalf of the R.J. Armstrong Living Trust, Plaintiff David C. Armstrong, in his individual capacity, Defendant Susan Helen Holmes, William Armstrong Holmes, and Jennifer Nancy Holmes entered in a Confidential Settlement Agreement and Release ("Agreement"). Exhibit 1.

9. The parties were independently represented by counsel in the negotiation of this Agreement, and their counsel approved its form and content. Exhibit 1 at ARMSTRONG 0019.

10. Section 9, Non-Disparagement, of the Agreement provides:

> 9. Non-Disparagement. The Settling Parties agree to refrain from public or private statements to any third party (by word of mouth, in writing, or by email, social media, or any other written or electronic means) which would disparage an opposing party (regardless of whether such statements are believed to be true), including, but not limited to, any negative or critical remarks concerning the other, including management style, methods of doing business, treatment and conduct towards and with Richard J. Armstrong, and/or relationships any other family members. In the event of a breach of this provision, a court of competent jurisdiction can enforce the provision as material to this Agreement; however, the sole remedy available to the Parties is injunctive relief and reimbursement of attorneys' fees and costs to enforce the provision.

Exhibit 1 at ARMSTRONG 0009.

Written Communications to Plaintiffs' Counsel

11. On Sunday, May 22, 2022 at 8:13 p.m. - on a weekend and at around bedtime - Defendant Susan Helen Holmes texted Plaintiffs' counsel wherein she accused Plaintiff

3

Armstrong of "inheritance theft," "betray[ing] his family for money," and "let[ting] greed take over love of family."  Exhibit 2 at ARMSTRONG 20-22.

12. In response, Plaintiffs' counsel informed Defendant Holmes that her statements and accusations were a breach of Section 9 of the Agreement; if further accusations a lawsuit would ensue; and to immediate cease and desist.  Exhibit 2 at ARMSTRONG 22.

13. Undeterred, on July 5, 2022 at 8:27 p.m. - again after business hours and around bedtime – Defendant Holmes texted Plaintiffs' counsel wherein she accused Plaintiff Armstrong of "robb[ing] me and my children and ALL my dad's grandchildren of their inheritance . . . The love of money is the root of ALL EVIL.  DAVE chose money over family. Period. Pure GREED. . . At least I can say I have the love of both my parents . . . I'm glad my dad dies so He's no longer in the evil clutches of David . . . I have a very long line of family who would love to expose Dave for who he really is so bring it on."  Exhibit 2 at ARMSTRONG 24-25.

14. In response, Plaintiffs' counsel informed Defendant Holmes that Plaintiff Armstrong had recently been in a major motor vehicle accident a few weeks ago during which his car was totaled and that the results of his subsequent medical exam revealed possible lung and/or prostate cancer.  Exhibit 2 at ARMSTRONG 25.  Defendant Holmes responded: "This will be no Big Surprise to Dave . . . that's GOD['s] wishes for him." Exhibit 2 at ARMSTRONG 25-26.

15. The next day on July 6, 2022, Defendant Holmes wrote a hand-written letter and texted a photo of it to Plaintiffs' counsel wherein she stated:

> Losing my inheritance was extremely insignificant compared to the awful realization that my own brother did not consider my lifelong relationship to him worth a single penny.

4

Exhibit 2 at ARMSTRONG 27-28.

16. A week later, on July 13, 2022, Defendant Holmes texted Plaintiffs' counsel and accused Plaintiff Armstrong of "tax evasion" and affirmed that "I don't care if I lose every penny[.] I must have the truth in order to move forward." Exhibit 2 at ARMSTRONG 0029.

17. Defendant Holmes then emailed Plaintiffs' counsel again disparaging Plaintiff Armstrong of wrongdoing and accusing: "Unfortunately I think greed has overtaken him." Exhibit 4 at ARMSTRONG 0043.

Written Communications to Plaintiff Armstrong's minor son, Spencer

18. On July 7, 2022 at 8:57 p.m., again around bedtime, Defendant Holmes texted her nephew, Plaintiff Armstrong's minor son, Spencer (age 17) wherein she degraded Plaintiff Armstrong's ex-wife, Yadira, as a "blonde bald devil and blonde bimbo." Exhibit 3 at ARMSTRONG 30. She then personally attacked and disparaged Spencer's father, Plaintiff Armstrong: "Hopefully you won't follow in your father['s] footsteps of loving money more than family. Your really now have no family left as your dad betrayed his family due to his pure GREED! The love of money is the root of all evil. . . Hopefully your dad will grow a conscience and do the right thing[.] He robbed me and my kids and all the other grandkids of their inheritance and that's SO WRONG. I HOPE YOU DON'T follow in his footsteps of loving money more than family. It's so not worth it. It has broken granny's heart . . . All pop['s] blood money will never bring you true happiness. I pray you will find your way in life and NOT worship money as your God as it will destroy you." Exhibit 3 at ARMSTRONG 30-32.

5

19.    On July 23, 2022, Defendant Holmes texted her nephew, Spencer: " . . . Too bad your dad chose love of money over love of family.  He will never know happiness because of his greed."  Exhibit 3 at ARMSTRONG 0034.

20.    The next day, on Sunday July 24, 2022 at 9:31 a.m., again at bedtime and on a weekend, Defendant Holmes texted her nephew, Spencer: "Too bad your dad put money over family.  Will lay my mom to rest here.  Your dad broke her heart.  Came to see her once in 8 years with his devil woman [Yadira].  Live with that."  Exhibit 3 at ARMSTRONG 0037.

21.    On July 25, 2022, Defendant Holmes texted Spencer and threatened to turn over videos of him allegedly abusing his grandfather, Settlor Richard Armstrong, to law enforcement if Plaintiff Armstrong did not meet the terms of the Agreement.  Exhibit 3 at ARMSTRONG 39. She then further forwarded a text that she had sent to Plaintiffs' counsel wherein she had threatened: "I'm really sorry it has come to this but the fact your dad doesn't care that the videos of you abusing Pops will now become evidence says it all.  He won't even protect his only son from guilt and shame truly is beyond heartbreaking.  The entire family knows how he screwed his entire family expect you of course for his pure greed and love of money. No one can save you or your dad his lies and dishonest will now be exposed"  Exhibit 3 at ARMSTRONG 41. Thereafter in a subsequent message, she again accused Plaintiff Armstrong of committing "tax evasion" for which he deserves "a prison sentence."  Exhibit 3 at ARMSTRONG 42.

Communications to Plaintiff Armstrong's other family members

22.    As set forth above, Defendant Holmes has accused Plaintiff Armstrong of crimes, moral turpitude, and bad character to their entire family "the entire family knows how he screwed his entire family."  Exhibit 2 at ARMSTRONG 41.  It is Plaintiffs' understanding and

belief that these accusations have been repeatedly made to Defendant Holmes' children, William Armstrong Holmes, and Jennifer Nancy Holmes (Plaintiff Armstrong's niece and nephew).

**Bad Faith**

23. Section 11, Good Faith, of the Agreement provides:

> It is agreed and understood that this Agreement is entered into in good faith. The Settling Parties warrant that no promise or inducement has been offered except as herein set forth, and that this Agreement is executed without reliance upon any statement or representation by the Settling Parties, their attorneys, representatives or agents not contained within this Agreement.

**Exhibit 1 at ARMSTRONG 0010.**

24. Ms. Holmes entered in the Agreement in bad faith in violation of Section 11 with the aim of collecting the settlement sum and without the intent to honor her obligation to stop disparaging Mr. Armstrong and his handling of his father's Trust.

25. Ms. Holmes' bad faith intentions are demonstrated by:

(1) the timing of her defamatory remarks (they started almost immediately after the Settlement Agreement was signed).

(2) their repeated frequency, number, and extent (made to Spencer, Plaintiffs' counsel, and other family members).

(3) the nature of the statements (which include serious accusations of criminal wrongdoing such as theft, fraud, and elder abuse and also threats).

(4) they continued even after multiple demands by Plaintiffs, including one in writing, that she cease and desist.

(5) Ms. Holmes' own admission as stated in her text of July 13, 2022 to Plaintiffs' counsel wherein she accused Plaintiff Armstrong of "tax evasion" and

7

**affirmed that "I don't care if I lose every penny[.] I must have the truth in order to move forward." Exhibit 2 at ARMSTRONG 0029.**

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Breach of Contract*

26. Plaintiffs reallege and incorporate by reference the allegations set forth above as though fully restated herein.

27. Plaintiffs and Defendant Holmes are parties to the Agreement. Exhibit 1.

28. Defendant Holmes has failed, and continues to fail, to refrain from disparaging Plaintiff Armstrong to Plaintiffs' counsel, to his son Spencer, and to the other members of the family. Exhibits 2-4; *see* Paragraphs 8 to 22 above. Defendant Holmes continues to make these disparaging remarks, which include serious accusations of wrongdoing and criminal conduct (theft, tax evasion, and elder abuse), in defiance of a cease and desist demand from Plaintiffs' counsel. *See* Paragraph 12 above. Pursuant to Section 9 of the Agreement, it is immaterial whether Defendant Holmes personally believes that her disparaging remarks are true or not.

29. Defendant Holmes has breached, and continues to breach, her duties under the Agreement, and in defiance of a cease and desist instruction from Plaintiffs' counsel, thereby excusing Plaintiffs from performing theirs as a condition subsequent thereto.

30. Plaintiffs have sustained damages as a foreseeable result thereof and will seek injunctive relief at trial.

///

///

8

31. Plaintiffs have been forced to hire the law firm of Stephenson Law, PLLC to prosecute this action and, as such, Plaintiffs are entitled to their costs and attorneys' fees incurred to litigate this action pursuant to Sections 9 and 15 of the Agreement.

### SECOND CAUSE OF ACTION
*Breach of Implied Covenant of Good Faith and Fair Dealing*

32. Plaintiffs reallege and incorporate by reference the allegations set forth above as though fully restated herein.

33. Plaintiffs and Defendant Holmes are parties to the Agreement. Exhibit 1.

33. Nevada law imposes upon parties to a contract a covenant of good faith and fair dealing, and Defendant Holmes owed a duty of good faith and fair dealing to Plaintiff Armstrong in performing her duties set forth in the Agreement.

34. Defendant Holmes breached that duty of good faith and fair dealing by disparaging Plaintiff Armstrong to Plaintiffs' counsel, to his son Spencer, and to the other members of the family. These defamatory remarks include serious allegations of criminal wrongdoing (theft, tax evasion and elder abuse). Exhibits 2-4; *see* Paragraphs 8 to 22 above. Defendant Holmes continues to make these disparaging remarks in defiance of a cease and desist demand from Plaintiffs' counsel (*see* Paragraph 12 above) and has stated that she will persist even if costs her "every penny" she has despite her agreement to settle her allegations and claims as set forth the Agreement. Pursuant to Section 9 of the Agreement, it is immaterial whether Defendant Holmes personally believes that her disparaging remarks are true or not.

35. Plaintiffs' justified expectations under the contract were therefore denied.

36. Plaintiffs have suffered damages as a foreseeable result thereof in excess of $25,000.00, in an amount to be proven at trial.

9

37. Plaintiffs have been forced to hire the law firm of Stephenson Law, PLLC to prosecute this action and, as such, Plaintiffs are entitled to their costs and attorneys' fees incurred to litigate this action pursuant to Sections 9 and 15 of the Agreement.

### THIRD CAUSE OF ACTION
*Breach of Contract No. 2*

38. **Plaintiffs reallege and incorporate by reference the allegations set forth above as though fully restated herein.**

39. **Plaintiffs and Defendant Holmes are parties to the Agreement. Exhibit 1.**

40. **Ms. Holmes entered in the Agreement in bad faith in violation of Section 11 with the aim of collecting the settlement sum and without the intent to honor her obligation to stop disparaging Mr. Armstrong and his handling of his father's Trust.**

41. **Ms. Holmes' bad faith intentions are demonstrated by:**

   **(1) the timing of her defamatory remarks (they started almost immediately after the Settlement Agreement was signed).**

   **(2) their repeated frequency, number, and extent (made to Spencer, Plaintiffs' counsel, and other family members).**

   **(3) the nature of the statements (which include serious accusations of criminal wrongdoing such as theft, fraud, and elder abuse and also threats).**

   **(4) they continued even after multiple demands by Plaintiffs, including one in writing, that she cease and desist.**

   **(5) Ms. Holmes' own admission as stated in her text of July 13, 2022 to Plaintiffs' counsel wherein she accused Plaintiff Armstrong of "tax evasion" and**

10

affirmed that "I don't care if I lose every penny[.] I must have the truth in order to move forward." Exhibit 2 at ARMSTRONG 0029.

42. Defendant Holmes has breached, and continues to breach, her duties under Section 11 of the Agreement, and in defiance of a cease and desist instruction from Plaintiffs' counsel, thereby excusing Plaintiffs from performing theirs.

43. Plaintiffs have sustained damages as a foreseeable result thereof of these breaches, in an amount to be proven at trial.

44. Plaintiffs have been forced to hire the law firm of Stephenson Law, PLLC to prosecute this action and, as such, Plaintiffs are entitled to their costs and attorneys' fees incurred to litigate this action pursuant to Section 15 of the Agreement.

## V.
## PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1. General damages exceeding $25,000.00 in an amount to be proven at trial;

2. Compensatory damages exceeding $25,000.00 in an amount to be proven at trial;

3. Punitive damages, if determined to be available under the law, in an amount to be proven at trial;

4. Pre-judgment and Post-judgment interest at the maximum amount permitted by law;

5. Injunctive relief; and

6. Any other relief, legal or equitable, **to include but not limited to, recission, annulment, reformation, and/or equitable estoppel** deemed fair, necessary, and just by the Court.

///

///

11

**JURY TRIAL DEMAND**

Plaintiffs hereby request a jury trial for all applicable claims.

DATED: February 20, 2023              STEPHENSON LAW, PLLC

*John Neil Stephenson*
_____
By: John Neil Stephenson
Its: Managing Member
*Counsel for Plaintiffs/Counterdefendants*

**EXHIBIT LIST**

| Ex. | Description | # of Pages |
|---|---|---|
| 1 | Settlement Agreement and Release - May 9, 2022 | 19 |
| 2 | Text messages from Defendant Holmes to Plaintiffs' counsel – May to July 2022 | 10 |
| 3 | Text messages from Defendant Holmes to Spencer Armstrong – July 2022 | 13 |
| 4 | Email from Defendant Holmes to Plaintiffs' counsel – July 13, 2022 | 1 |

CERTIFICATE OF SERVICE

Under the penalty of perjury, the undersigned hereby declares that, on the date indicated below, the foregoing **PLAINTIFFS/COUNTERDEFENDANTS' SECOND AMENDED COMPLAINT** was filed through the Court's CM/ECF electronic filing system to be automatically served on:

<u>Counsel for Defendant Holmes</u>
Bradley S. Slighting, Esq.
BOYACK LAW GROUP
1707 Village Center Circle, # 100
Las Vegas, NV 89134
Ph. 702-744-78474
Email: Bradcmslightinglaw.com
*Of Counsel*

Mark B. Pyper, Esq.
BARTON PYPER, P.L.LC.
4747 E. Elliot Road, Ste. 29-517
Phoenix, AZ 85044
Ph. (602-615-1841
Email: pyperlaw@aol.com
*Pro Hac Vice*

DATED: February 20, 2023          STEPHENSON LAW, PLLC

*John Neil Stephenson*
By: John Neil Stephenson
Its: Managing Member
*Counsel for Plaintiffs/Counterdefendants*