**BOYACK LAW GROUP**
1707 Village Center Circle, #100
Las Vegas, NV 89134
Ph. 702-744-78474
Email: Brad@slightinglaw.com
**Bradley S. Slighting, Esq.**
**Of Counsel**

**BARTON PYPER, P.L.L.C.**
4747 E. Elliot Road, Ste. 29-517
Phoenix, AZ 85044
Ph.  (602) 615-1841
Email: pyperlaw@aol.com
**Mark B. Pyper, Esq.**

Attorneys for  Defendant & Counterclaimant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA - RENO**

| | |
|---|---|
| **DAVID C. ARMSTRONG, Trustee of the R.J. Armstrong Living Trust** and **DAVID C. ARMSTRONG,** Individually,<br><br>                    Plaintiffs,<br><br>v.<br><br>**SUSAN HELEN ARMSTRONG HOLMES**, an individual,<br><br>                    Defendant. | **Case No. 3:22-cv-00375**<br><br>**SECOND  AMENDED ANSWER**<br>**&**<br>**SECOND  AMENDED COUNTERCLAIM** |

| |
|---|
| **SUSAN HELEN ARMSTRONG HOLMES**, an individual,<br><br>                    Counterclaimant,<br><br>v.<br><br>**DAVID C. ARMSTRONG, Trustee of the R.J. Armstrong Living Trust** and **DAVID C. ARMSTRONG,** Individually,<br>                    Counterdefendants. |

For her Second  Amended Answer and her Second Amended Counterclaim,

Susan Helen Armstrong Holmes ("Ms. Holmes" or "Defendant" or "Counterclaimant,") by and through counsel, admits, denies and alleges as follows:

1. Ms. Holmes admits the following paragraphs of the Second Amended Complaint:    1, 2, 3, 6, 7, 8, 10, 11, 13, 15, 33 and 39.

2. Ms. Holmes denies the following paragraphs of the Second Amended Complaint: 4, 5, 9, 12, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33(2) 34, 35, 36, 37, 38, 40, 41, 42, 43 and 44.

3. As and for her affirmative defenses, Ms. Holmes alleges the following: prior breach of contract, waiver, failure of consideration, estoppel, failure to state a claim upon which relief can be granted, and any other matter learned herein during the course of discovery.

4. Ms. Holmes requests an award of her court costs and attorney's fees if allowed under Nevada law.

5. Ms. Holmes requests an award of prejudgment and postjudgment interest on those damages that she is awarded at the highest legal rate allowed by Nevada law.

6. Any allegation in the Second Amended Complaint not specifically answered is specifically denied.

**WHEREFORE**, having answered the Second Amended Complaint, Ms. Holmes prays for judgment as follows:

A. For dismissal with prejudice of the Second Amended Complaint;

B. For an award of prejudgment and postjudgment interest;

C. For an award of Ms. Holmes' court costs; and

D. For an award of Ms. Holmes' reasonable attorney's fees;

### SECOND AMENDED COUNTERCLAIM

7. Defendant now Counterclaimant realleges those admissions and denials to the allegations in the Second Amended Complaint above, as if fully set forth in the following claim.

8. Co-Counterdefendant David C. Armstrong, Trustee ("Mr. Armstrong Trustee,") is the current Trustee of The R.J. Armstrong Living Trust, is a Nevada testamentary trust (hereafter the "Trust.")

9. Co-Counterdefendant David C. Armstrong, ("Mr. Armstrong,") is a beneficiary under the Trust and the son of Richard J. Armstrong ("decedent.")

10. Counterclaimant Susan Helen Armstrong Holmes (hereafter "Counter-claimant," or "Ms. Holmes,") is the daughter of the decedent

11. Non-Party Jennifer Nancy Holmes is a resident of the State of Arizona, the daughter of Counterclaimant and the granddaughter of the decedent.

12. Non-Party William Armstrong Holmes is a resident of State of Utah and the son of Counterclaimant and the grandson of the decedent.

13. Upon information and belief, on or about June 9, 2016, the Trustee created the Trust, the underlying terms of which are found at Exhibit 1, to Second Amended Complaint. .

14. The only surviving children of the decedent are Ms. Holmes and Mr. Armstrong.

15. The decedent passed away on April 12, 2022.

16. On May 9, 2022, the parties to this action entered into a "Confidential Settlement Agreement and Release", "("Settlement Agreement,") which is attached to the Second Amended Complaint as Exhibit 2.

17. Pursuant to the terms of the Settlement Agreement, Counterclaimant was to receive the sum of Six Hundred and Fifty Thousand Dollars ($650,000.00) within sixty business days of May 9, 2022, that being August 3, 2022.

18. On July 25, 2022, however, plaintiffs, through counsel, contacted Counterclaimant and attempted to renegotiate the Settlement Agreement and reduce the final payment to Counterclaimant from $650,000.00 to $405,000.00, with such conduct constituting a material breach of the Settlement Agreement.

19. As of August 3, 2022, or at any time through the present time, Counterdefendants failed to tender the sum of $650,000.00 to Counterclaimant, with such conduct constituting a material breach of the Settlement Agreement.

20. As a direct and proximate result of the foregoing, the Counterdefendants have breached the Settlement Agreement.

21. As a direct and proximate result of the foregoing breach, the Counterdefendants have proximately caused Counterclaimant damages in the sum of $650,000.00.

22. Counterclaimant is entitled to prejudgment and postjudgment interest at the highest amount under Nevada law from August 3, 2022, until paid in full.

23. Counterclaimant is entitled to her court costs incurred herein.

24. Counterclaimant is entitled to her reasonable attorney's fees.

## COUNT ONE
### (Breach of Contract)
### (As to Counterdefendant David C. Armstrong, Trustee and David C. Armstrong, Individually)

25. Counterclaimant realleges those allegations set forth above as if fully set forth herein.

26. Counterclaimant and the Counterdefendants entered into a contract on May 9, 2022, referred to the Settlement Agreement.

27. As of July 25, 2022 through to August 3, 2022, Counterdefendants did not have the cash to pay Ms. Holmes under the Settlement Agreement.

28. Counterdefendants breached the Settlement Agreement by (1) attempting to renegotiate the final payment under the Settlement Agreement from $650,000.00 to $405,000.00 on July 25, 2022, and (2) by failing to tender payment in the amount of $650,000.00 to the Counterclaimant on or before August 3, 2022.

29. Counterclaimant is entitled to an award of prejudgment interest, the sum of $650,000.00, court costs and reasonable attorney's fees.

## COUNT TWO
### (Breach of Fiduciary Duty)

**(As to Counterdefendant David C. Armstrong, Trustee)**

30. Counterclaimant realleges those allegations set forth above as if fully set forth herein.

31. As of May 9, 2022, the Trustee owed Ms. Holmes a fiduciary duty as she was a stated beneficiary under the Trust.

32. As of May 9, 2022, the Trustee breached his fiduciary duty to Ms. Holmes by negotiating with her to obtain a reduced inheritance otherwise due Ms. Holmes under the Trust, that in turn, only benefitted co-counterdefendant David C. Armstrong, individually.

33. As of May 9, 2022, the Trustee also breached his fiduciary duty to Ms. Homes by requiring and inserting a release provision in the Settlement Agreement that required Ms. Homes to release all of her financial claims against the Trustee and co-counterdefendant Mr. Armstrong, individually.

34. By May 9, 2022, the Trustee breach his duty to Ms. Holmes.

35. Ms. Holmes is entitled to an award of consequential and general damages from the counterdefendants as well as an award of punitive damages against the Trustee for his gross and egregious violation of his fiduciary duty to Ms. Holmes.

**COUNT THREE**
**(Injunction)**
**(As to Counterdefendant David C. Armstrong, Individually)**

36. Counterclaimant realleges those allegation set forth above as if fully set forth here.

37. Paragraph 9 of the parties' Settlement Agreement, provided that after May 9, 2022, none of the parties should publish derogatory statements to third parties concerning a party to the Settlement Agreement.

38. After May 9, 2022, Mr. Armstrong promptly published derogatory statements about Ms. Holmes to third parties.

39. After May 9, 2022, Mr. Armstrong violated Paragraph of the Settlement Agreement, for which Ms. Holmes is entitled to a mandatory injunction as well as an award of costs and attorney's fees incurred in obtaining this mandatory injunction.

**COUNT FOUR**
**(Breach of the Covenant of Good Faith and Fair Dealing)**
**(As to Counterdefendant David C. Armstrong,**
**Trustee and David C. Armstrong, Individually)**

40. Counterclaimant realleges those allegations set forth above as if fully set forth herein.

41. Paragraph 9 of the parties' Settlement Agreement, provided that after May 9, 2022, non of the parties should publish derogatory statements to third parties concerning another party to the Settlement Agreement.

42. After May 9, 2022, Mr. Armstrong published derogatory statements about Ms. Holmes to third parties including family member Kerry Armstrong on July 25, 2022, where Mr. Armstrong stated to his niece that Ms. Holmes had caused the death of his two brothers and that Ms. Holmes was a "moron," among other derogatory statements.

43. Mr. Armstrong's July 25, 2022, text message to Kerry Armstrong about Ms. Holmes, reads in its entirety as follows:

KERRY ARMSTRONG: Aloha uncle. how you doing? Sending hugs of healing for your transitional year.

DAVID ARMSTRONG: Been living in shit.. Have had zero time to mourn either parent as my bitch of a sister who was the cause of both my brothers' death has been extorting me for money and I can only liquidate things in a recession as fast as I can. She is ignorant and the closest thing to a piece of shit you will always encounter. She is a [moron] throughout.

44. Mr. Armstrong's text message to his niece violated the covenant of good faith and fair dealing that is implied in every contract in Nevada and is also found at Paragraph 11 of the Settlement Agreement.

45. Mr. Armstrong's violation of the covenant of good faith and fair dealing in turn, breached the parties' Settlement Agreement for which Ms. Holmes is entitled to damages.

**COUNT FIVE**
**(Bad Faith)**

**(As to Counterdefendant David C. Armstrong,
Trustee and David C. Armstrong, Individually)**

46. Counterclaimaint realleges those allegations set forth above as if fully set forth herein.

47. Paragraph 11 of the Settlement Agreement provides that the parties' act in good faith under the Settlement Agreement.

48. After May 9, 2022, Mr. Armstrong promptly published derogatory statements about Ms. Holmes to third parties including family member Kerry Armstrong on July 25, 2022, where Mr. Armstrong stated to this niece that Ms. Holmes had caused the death of his two brothers and that Ms. Holmes was a "moron" among other derogatory statements.

49. Prior to May 9, 2022, and while negotiating the Settlement Agreement, Mr. Armstrong had no intention of honoring the terms and provisions of the Settlement Agreement as Mr. Armstrong began disparaging Ms. Holmes briefly thereafter.

50. Mr. Armstrong's statements to his niece violated Paragraph 11 of the Settlement Agreement and constitute bad faith for which breach of contract damages were directly and proximately incurred.

**JURY TRIAL DEMAND**

Defendant/Counterclaimant hereby requests a jury trial for all applicable claims.

**AFFIRMATION**

The preceding document does not contain a social security number.

WHEREFORE, the Counterclaimant prays for judgment as follows:

A. For judgment against the Counterdefendants in the amount of $650,000.00;

B. For an award of punitive damages as to all claims against the Trustee and Mr. Armstrong.

C. For a mandatory injunction against Mr. Armstrong for his violation of Paragraph 9 of the Settlement Agreement;

D. For prejudgment and postjudgment interest against the Counterdefendants

at the highest legal rate in Nevada from August 3, 2022, until paid in full;

E. For court costs and reasonable attorney's fees.

**Dated this 29th day of February, 2024.**

**BOYACK LAW GROUP**

/s/ Bradly S. Slighting, Esq.

------

Bradley S. Slighting, Esq.
Of Counsel and Attorneys for Defendant/Counterclaimant Susan Helen Armstrong Holmes.

And

Mark B. Pyper, Esq.
**BARTON PYPER, P.L.L.C.**
(Pro Hac Vice)
Representing Defendant/ Counterclaimant Susan Helen Armstrong Holmes