**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| DAVID C. ARMSTRONG, as Trustee of the R.J. Armstrong Living Trust, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,<br><br>Plaintiffs<br><br>v.<br><br>SUSAN HELEN ARMSTRONG HOLMES, an individual,<br><br>Defendant | Case No.: 3:22-cv-00375-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 116 |
| SUSAN HELEN ARMSTRONG HOLMES, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>DAVID C. ARMSTRONG, as Trustee of the R.J. Armstrong Living Trust, a Nevada testamentary entity, and DAVID C. ARMSTRONG, an individual,<br><br>Counter-defendants | |

Before the court is Defendant/Counterclaimant Susan Helen Armstrong Holmes' (Holmes) motion to extend discovery deadline due to the filing of her second amended counterclaim. (ECF No. 116.) The court held a hearing on this motion on April 19, 2024, and issues this written Order.

///

///

# I. BACKGROUND

The R.J. Armstrong Living Trust (the Trust) and David C. Armstrong (individually) (Armstrong) filed suit against Holmes in state court concerning a settlement agreement entered into by Armstrong and his sister, Holmes, and Holmes' two children related to the Trust. (ECF No. 1-3.) Holmes filed an answer and counterclaims. (ECF No. 1-4.)

Plaintiffs/Counter-Defendants removed the action to federal court on August 19, 2022. (ECF No. 1.)

On October 17, 2022, Holmes filed a motion for leave to file a first amended answer and counterclaim and proposed amended answer and counterclaim. (ECF No. 31.)

On November 4, 2022, Plaintiffs filed a motion for leave to amend and proposed amended complaint. (ECF Nos. 37, 37-1.)

After holding a hearing regarding the lengthy period of time the parties sought for discovery (one year), on December 13, 2022, the court issued a discovery plan and scheduling order setting, among other deadlines, December 5, 2023 as the discovery cutoff, and January 4, 2024 as the deadline to file dispositive motions. (ECF Nos. 47-49.)

On May 26, 2023, District Judge Traum granted Holmes' motion to file an amended answer and counterclaims, and she also granted Plaintiffs' motion to amend. (ECF No. 51.)[1] Holmes also moved for summary judgment (ECF No. 34), which Judge Traum granted only insofar as Plaintiffs cannot bring claims for money damages for breach of the non-disparagement clause of the settlement agreement because the agreement provides that the available remedies are injunctive relief and attorney's fees. (ECF No. 51.)

---

[1] Holmes' amended answer and amended counterclaims are set forth at ECF No. 52. The order did not direct the Clerk to file Plaintiffs' proposed amended complaint as the operative complaint; however, it appears that ECF No. 37-1 is the amended complaint.

2

On September 8, 2023, Holmes filed a motion to amend her answer and counterclaims. (ECF Nos. 71, 72.)

On September 20, 2023, Holmes' counsel, Mr. Pyper, filed a request to extend all deadlines in the case by 10 weeks because he was undergoing open heart surgery. (ECF No. 75.) The following day, the parties also filed a stipulation agreeing to the 10-week extension. (ECF No. 77.) Judge Traum granted the motion and approved the stipulation. (ECF Nos. 76, 78.) As such, the discovery cutoff was extended to February 13, 2024, and the dispositive motions deadline was extended to March 14, 2024.

Briefing on Holmes' motion to amend resumed in late November 2023, and was completed in December 2023. (ECF Nos. 79, 83.) On December 13, 2023, Holmes filed a motion for partial summary judgment. (ECF Nos. 86, 87, 88.) One of the arguments asserted in the motion for partial summary judgment was that the amended complaint was not being prosecuted by the real party in interest because the Trust was not a legal entity that could maintain an action in its own name.

On January 19, 2024, the court held a hearing on Holmes' motion to amend her answer and counterclaims, among other things. (ECF No. 94.)

On January 31, 2024, the court issued an order on Holmes' motion to amend her answer/counterclaims. The court agreed that the Trust was not the real party in interest, and that David C. Armstrong, as trustee of the Trust was the real party in interest. As such, the court gave the Plaintiffs until February 21, 2024, to file a second amended complaint that replaced the Trust with David C. Armstrong, as Trustee for the Trust as the real party in interest. The court also granted Holmes' motion for leave to amend in part. She was given until March 8, 2024, to file a second amended answer and counterclaims consisting with the findings in the order. As a result of the order requiring Plaintiffs to file a second amended complaint, Holmes' pending motion for

partial summary judgment would no longer address Plaintiffs' operative complaint. As such, the pending motion for partial summary judgment was denied without prejudice. (ECF No. 97.) At the end of that order, the court explicitly stated:

> If the parties believe that any extension of any scheduling order deadlines is required as a result of this Order, they shall submit a motion or stipulation that complies with the Federal Rules of Civil Procedure and Local Rules.

(ECF No. 97.)

In other words, it was clear that the existing scheduling order deadlines, including the February 13, 2024 discovery cutoff, and the dispositive motions deadline of March 14, 2024, remained in place. If either party believed it needed more time to conduct discovery or to file a dispositive motion in light of the rulings made in the January 31, 2024 order, the court was explicit that it was incumbent upon them to seek such relief.

On February 5, 2024, prior to the February 13, 2024 discovery cutoff, Plaintiffs and third-party witness Mylin Rosales filed a motion regarding a discovery dispute pursuant to the court's Civil Standing Order. (ECF No. 99.) Holmes had served Ms. Rosales, who is represented by Plaintiff's counsel, Mr. Stephenson, with an amended notice of deposition and subpoena duces tecum seeking the production of five categories of documents. The deposition was noticed for February 26, 2024.[2] Ms. Rosales and Plaintiffs objected to deposition as well as the requested documents, and both asked that the subpoena be quashed, or alternatively, that a protective order be issued.

The court issued an order on the motion on February 9, 2024. (ECF No. 103.) The court found that Plaintiffs had not established they had standing to challenge the subpoena issued to Ms.

---

[2] The parties had agreed to take these depositions outside of the discovery period.

4

Rosales, a non-party. Next, the court concluded that Ms. Rosales, who was Mr. Armstrong's on-again-off-again romantic partner, possibly had information relevant to the claims and defenses being asserted in this case. As such, Ms. Rosales' request that the subpoena be quashed in its entirety was denied. However, Mr. Pyper was cautioned that his questioning must be limited to areas relevant to the claims and defenses and that he should not engage in a "fishing expedition." The court also went through each of the five categories of documents that were requested and the objections thereto, and made a ruling as to what information was discoverable and what information was impermissible.

Finally, the court noted that Holmes' brief mentioned a deposition notice and subpoena to Spencer Armstrong (who is Mr. Armstrong's son), but there was no motion pending before the court concerning the subpoena to Spencer Armstrong.

The discovery cutoff of February 13, 2024, passed without the filing of a stipulation or motion to extend that deadline.

Plaintiffs filed their second amended complaint on February 20, 2024. (ECF No. 104.) Holmes filed her second amended answer and counterclaims on February 29, 2024. (ECF No. 107.)

On March 8, 2024, Holmes filed a motion to compel. One of the items at issue was acceptance of service for Spencer Armstrong and Ms. Rosales. (ECF No. 113.) The court denied the motion because, despite being admonished about this on prior occasions, Holmes' failed to comply with the requirement to include a declaration certifying the meet and confer efforts undertaken prior to the filing of the motion. (ECF No. 114.) The motion was not renewed in a proper format.

On March 14, 2024, Plaintiffs/Counter-Defendants timely filed their motion for summary judgment. (ECF No. 115.)

Holmes did not timely renew her motion for partial summary judgment as to the operative pleading, or seek an extension of the dispositive motions deadline before its expiration. Even though the motion is titled as seeking an extension of the discovery cutoff, the last paragraph also requests an extension of the dispositive motions deadline.

Instead, a week later, Holmes filed this motion to extend the discovery deadlines by 75 days due to the filing of her second amended counterclaims. (ECF No. 116.) The next day, Holmes filed a "Notice of Errata Re: ECF No. 116" to comply with Local Rule IA 6-1 and Local Rule 26-3. (ECF No. 118.)

## II. DISCUSSION

**A. Meet and Confer**

Preliminarily, the court's Civil Standing Order contains rules regarding the resolution of discovery disputes, which includes a motion related to the timing of discovery or extensions of time related to the completion of any discovery item. (ECF No. 4 at 3.) Before a motion is filed concerning a discovery dispute, the parties must first meet and confer to try and resolve the dispute in compliance with Local Rule IA 1-3(f). This requires a meet and confer conference in person, by video conference or by telephone. (*Id.*) Any discovery motion must include a declaration describing the meet and confer efforts, including the time, place, manner, and participants. LR IA 3-1(f). The failure to do so may result in denial of the motion. (*Id.*)

Holmes' motion did not include the required declaration setting forth the efforts made to meet and confer prior to filing this motion. At the hearing on this motion, Mr. Pyper said that Mr. Stephenson would not return his calls, though this was not put into a declaration accompanying

the motion. Mr. Stephenson, on the other hand, disputed that he ever received a call from Mr. Pyper, and offered to produce his phone records to substantiate this fact. Holmes' failure to comply with the meet and confer provisions of the Local Rules and Civil Standing Order alone is a sufficient basis to deny Holmes' motion.

**B. Errata**

Next, Holmes filed an "errata" the day after her motion was filed. (ECF No. 118.) An "errata" is a document that contains corrections.[3] Holmes' filing at ECF No. 118 does not contain any corrections, instead it consists of six pages of supplemental briefing, along with a declaration and proposed order. The supplement attempts to address the requirements of Local Rule 26-3 concerning a motion seeking an extension of any scheduling order deadline; however, this should have been included in the original motion. The rules contemplate the filing of a motion, response, and reply. Supplementation is prohibited without leave of court granted for good cause shown. LR 7-2(g).

Holmes did not seek leave of court before filing her supplemental brief, incorrectly titled as an "errata." Nor did Holmes ever set forth good cause for supplementing her initial motion. Moreover, this supplementation creates an end-run around the Civil Standing Order, which limits a discovery motion to 5 pages. (ECF No. 4 at 3.)

The court will strike the supplemental filing (ECF No. 118) as improper under Local Rule 7-2(g).

///

///

---

[3] *See* https://www.dictionary.com/browse/errata, last visited April 22, 2024.

### C. Excusable Neglect

Holmes' motion was filed *after* the expiration of the discovery cutoff and dispositive motions deadlines; therefore, she must make a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1); LR 26-3; LR IA 6-1. The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors the court may consider when evaluating excusable neglect include: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Id.*; *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)) (applying these factors to Rule 6(b)). Additional relevant factors include: the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court and the likelihood additional discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citations omitted).

Here, there is a danger of prejudice to Plaintiffs because discovery had been closed for a month when this motion was filed, and Plaintiffs have already timely filed their dispositive motion.

Holmes has not adequately addressed the reason for the delay in seeking an extension. She acknowledged in her briefing and Mr. Pyper acknowledged at the hearing that when the court granted leave to amend, there was not a corresponding change to the existing scheduling order deadlines, and that the order specifically advised the parties that if any extension of the scheduling order was required, a stipulation or motion should be filed in compliance with the Federal Rules of Civil Procedure and Local Rules. Despite the express language advising

Holmes to file a motion or stipulation if she needed an extension of a scheduling order deadline, including the discovery cutoff or dispositive motions deadline, no motion or stipulation was filed before the expiration of those deadlines. Instead, Holmes' counsel represented at the hearing that he was focused on filing Holmes' amended pleading. There is simply no excuse for the failure to timely seek an extension of these deadlines when Holmes' plainly had knowledge of the requirement to do so.

The court will now address the length of the delay. While the motion represents that Holmes' seeks a 75 day extension of the deadlines, the proposed order contained within her stricken "errata" makes clear that those 75 days do not run from the expired deadlines, but from when the motion was filed. In reality, she seeks an additional 136 days to conduct discovery, and another 137 days before dispositive motions are filed, even though Plaintiffs already timely filed their motion. When this action was initially filed, the parties requested **one year** to conduct discovery, and the court held a status conference due to the significant amount of time requested. At that time, the court agreed to the request, but specifically admonished counsel that with that approval, the parties were expected to complete discovery within that time period. (ECF No. 47 at 1:23-25.) The court appreciates that Mr. Pyper's health issues necessitated an extension of those deadlines for 10 weeks to allow him time to recover from surgery, but there has been an extraordinary amount of time given to conduct discovery, and frankly, the parties do not appear to have utilized their time wisely.

Here, the court does not have any information that the belated extension is sought in bad faith. At the same time, it cannot countenance Holmes' lack of diligence in adhering to the court's deadlines and the rules governing this proceeding.

Holmes would have known at the time she sought leave to amend her answer and counterclaims whether further discovery was required if leave was granted. If for some reason she did not, then she certainly should have given more thought to the matter when the court granted the motion, gave her a date to file her amended answer and counterclaims, and specifically advised the parties that a stipulation or motion needed to be filed in conformity with the rules if any extension of the scheduling order deadline was required.

Nor is the court convinced that additional discovery would lead to relevant evidence. Holmes mentioned that she wanted to serve written discovery on the "new party," which refers to Mr. Armstrong, in his capacity as trustee for the Trust. The court ordered an amendment to reflect that Mr. Armstrong, in his capacity as trustee for the Trust, is the real party in interest because the Trust cannot sue or be sued in its own name. Any prior discovery responses on behalf of the Trust, however, would presumably be substantively the same if the requests were served on Mr. Armstrong, in his capacity as trustee. Holmes provides no information about what additional discovery is required of real party in interest given the amendments; therefore, the court cannot conclude further discovery would lead to any admissible evidence. Mr. Pyper can meet and confer with Mr. Stephenson about having Mr. Armstrong verify any existing responses in his capacity as trustee of the Trust.

Finally, the court points out that while Plaintiff's motion is titled as one seeking an extension of the discovery deadlines, in the last paragraph of the motion, she asks that the court also allow the parties to file dispositive motions after discovery has closed, including the re-filing of Ms. Holmes Rule 56 motion. (ECF No. 116 at 4:13-15.) Holmes' motion for partial summary judgment was dismissed *without prejudice* because it was not directed to the operative pleading on behalf of the Plaintiffs/Counter-Defendants. Again, the court specifically advised the

parties that if an extension of any scheduling order deadline was required in light of the court's rulings, then it a motion or stipulation should be filed in compliance with the applicable rules. The court issued that order on January 31, 2024. The dispositive motions deadline was set to expire roughly six weeks later, on March 14, 2024. Holmes had plenty of time to file a motion or stipulation to extend that deadline. Yet nothing was done until this motion to extend the *discovery deadline* was belatedly filed over a month after the closure of discovery and a week after the expiration of the dispositive motions deadline. The court's analysis concerning excusable neglect with respect to the discovery cutoff applies equally to the dispositive motions deadline.

In sum, the majority of the factors weigh against a finding of excusable neglect. Therefore, the motion seeking an extension of the discovery cutoff and the dispositive motions deadline is denied.

**D. The Depositions of Spencer Armstrong and Ms. Rosales**

The court will, however, allow Holmes to take the depositions of witnesses Spencer Armstrong and Ms. Rosales because counsel had agreed to take these depositions outside of discovery prior to the discovery cutoff. For reasons that are not entirely clear, those depositions have not yet occurred, even though Mr. Stephenson represents both Ms. Rosales and Spencer Armstrong, and Mr. Pyper represented at the hearing that they had been served, at significant expense to Mr. Pyper.

The depositions of Ms. Rosales and Spencer Armstrong shall take place within 30 days of the date of this Order, and the requested relevant documents shall be provided to Mr. Pyper within 7 days of the scheduled deposition. The court set forth the relevant documents that must be produced with respect to Ms. Rosales in its order at ECF No. 103. Counsel are directed to

meet and confer concerning the documents requested of Spencer Armstrong, and if there are any areas of dispute, the parties are to notify the court within 14 days of the date of this Order and the court will then require counsel to come to the courthouse in Reno *in person* to meet and confer and resolve any remaining issues.

### III. CONCLUSION

Holmes' supplemental brief (ECF No. 118) is **STRICKEN** pursuant to Local Rule 7-2(g).

Holmes' motion for an extension of the discovery cutoff and dispositive motions deadline is (ECF No. 116) is **DENIED**; however, Holmes is permitted to depose Ms. Rosales and Spencer Armstrong. Those depositions must be completed within **30 days** of the date of this Order. Any relevant documents must be provided to Mr. Pyper within **7 days** of the date of the deposition. The parameters of the document production for Ms. Rosales are set forth in the court's order at ECF No. 103. With respect to documents requested of Spencer Armstrong, counsel are ordered to meet and confer, and if there are any areas of dispute, the parties are to notify the court within 14 days of the date of this Order and the court will then require counsel to come to the courthouse in Reno *in person* to meet and confer and resolve any remaining issues.

**IT IS SO ORDERED**.

Dated: April 22, 2024

_____
Craig S. Denney
United States Magistrate Judge