UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE R.J. ARMSTRONG LIVING TRUST and DAVID C. ARMSTRONG,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN HELEN ARMSTRONG HOLMES,<br><br>Defendant. | Case No. 3:22-cv-00375-ART-CSD<br><br>ORDER RE: BRIEFING SUBJECT-MATTER JURISDICTION |

The R.J. Armstrong Living Trust ("Trust") and trustee David C. Armstrong (together "Plaintiffs") sued Defendant Susan Helen Armstrong Holmes in state court for breach of the non-disparagement clause in a contract. Ms. Holmes countersued for breach for not releasing money bargained for in the contract. The Court orders the parties to brief the Court by March 21, 2025, on whether this Court may exercise subject-matter jurisdiction to hear this case.

**I.    Background**

In this case, the original complaint alleged only a breach of a non-disparagement clause and a redundant breach of the covenant of good faith and fair dealing based on the same conduct. (ECF No. 1-3.) The allegedly breached provision allowed "injunctive relief and reimbursement of attorneys' fees and costs" as the sole remedy for this provision. (*Id.* at 21.) The latest amended complaint alleges only state law claims and damages exceeding $25,000, injunctive relief, compensatory damages, and general damages. (ECF No. 104.)

The Notice of Removal filed by Defendant stated that the amount in controversy was met by the Plaintiffs' allegation of damages exceeding $25,000 and the Defendant's allegation of damages of $650,000. (ECF No. 9 at 3.)

//

1

## II. Standard of Review

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Id.* at 506. "If a court lacks subject matter jurisdiction, it is obligated to dismiss the case, regardless of how long the litigation has been ongoing." *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016). The "strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal citation omitted).

## III. Analysis

Federal courts may exercise diversity jurisdiction where "the amount in controversy exceeds $75,000 exclusive of interest and costs." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). The amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)).

Courts in the Ninth Circuit have consistently held that counterclaims may not be aggregated to satisfy the amount in controversy requirement. *See, e.g., Mesa Indus., Inc. v. Eaglebrook Prod., Inc.*, 980 F. Supp. 323, 325–26 (D. Ariz. 1997) ("The great weight of the authority . . . [holds] that the amount of a counterclaim may not be considered in determining the amount in controversy."); *Breckenridge Prop. Fund 2016, LLC v. Gonzalez,* No. 17-CV-03915-JCS, 2017 WL 3381155 at *3 (N.D. Cal. Aug. 7, 2017) ("The amount in controversy is evaluated only with reference to the complaint and does not take into account

counterclaims."); *Erdel v. Metalinx Material Mgmt., Inc.,* No. SA-CV-16:06181-BRO-SSX, 2017 WL 3049561 (C.D. Cal. Jan. 9, 2017) ("[A] counterclaim cannot form the basis for federal jurisdiction."); *Hand v. Bukstel*, No. SA-CV-12:907-JVSR-NBX, 2012 WL 12965942 at *3 (C.D. Cal. July 23, 2012) ("damages sought in compulsory counterclaims cannot be aggregated with the amount sought in the plaintiff's complaint in order to satisfy the amount in controversy"); *Franklin v. Car Fin. Servs., Inc.,* No. 09-CV-1361-LAB-AJB, 2009 WL 3762687, at *2 (S.D. Cal. Nov. 9, 2009).

The one Ninth Circuit case suggesting that counterclaims may be aggregated to meet the amount in controversy, *Fenton v. Freedman*, was first filed in federal court and did not require applying the strict presumption against removal jurisdiction. 748 F.2d 1358 (9th Cir. 1984); *see AdvanStaff, Inc. v. JC Auto Enter. Cal, LLB*, No. 2:22-CV-00008-ART-DJA, 2022 WL 22825664 at *3 (D. Nev. Oct. 28, 2022).

Defendant's removal appears to be based on aggregating the value of the counterclaim with that of the complaint to meet the amount in controversy. (*See* ECF No. 9 at 3.) Plaintiff's sought-after relief, enjoining Defendant from disparaging the Plaintiff and attorneys' fees, does not appear to be worth more than $75,000.

### IV.  Conclusion

Accordingly, the Court orders the parties to address, by March 21, 2025, whether this Court may exercise subject-matter jurisdiction over this case. Parties may each file one brief, not to exceed six pages. They may not respond or reply to the other's brief.

DATED THIS 11th day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3