UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THE R.J. ARMSTRONG LIVING TRUST and DAVID C. ARMSTRONG,

Plaintiffs,

v.

SUSAN HELEN ARMSTRONG HOLMES,

Defendant.

Case No. 3:22-cv-00375-ART-CSD

ORDER

This removed case concerns a dispute over a non-disparagement clause in a settlement agreement involving Plaintiffs/Counterdefendants R.J. Armstrong Living Trust and David C. Armstrong ("David") and Defendant/Counterclaimant Susan Helen Armstrong Holmes ("Susan"). The Court previously granted summary judgment to both parties for various claims and ordered David to pay $650,000 to Susan. (*See* ECF Nos. 141; 149.) In the summary judgment order, the Court instructed the parties to meet and confer before briefing the Court on how to proceed to the damages phase of this case. (ECF No. 141.) Before the Court now are the parties' respective motions for attorney's fees (ECF Nos. 154; 155), Susan's motion for order to show cause (ECF No. 151), David's motion for sanctions (ECF No. 152), David's motion to strike (ECF No. 163), and Susan's motion for judgment debtor exam (ECF No. 166).

## I. BACKGROUND

The Court earlier granted Susan summary judgment on Counterclaim 1, Breach of Contract, for failing to pay Susan $650,000. (ECF No. 141 at 15–16.) The Court also granted Susan summary judgment on Counterclaim 3, Beach of the Non-Disparagement Provision, for David's comments to Susan's niece. (*Id.*) David was granted summary judgment on Claim 1, Breach of the Non-Disparagement Provision, for Susan's comments to David's son. (*Id.*) The Court

then granted summary judgment to Susan on David's remaining claims and summary judgment to David on Susan's remaining claims. (*Id.*)

The parties then briefed damages, and the Court declined to enter an injunction for either party but ordered David to pay Susan $650,000 for contract damages. (ECF No. 149.) The Court also found that both parties are owed attorneys' fees and instructed the parties to file their relevant fee petitions. (*Id.*)

## II. LEGAL STANDARD

"Under both federal and Nevada law, valid contractual provisions for the payment of attorneys' fees constitute a sufficient source of authority supporting a fee award." *Hunt v. Zuffa*, LLC, 528 F. Supp. 3d 1180, 1183 (D. Nev. 2021). A motion for attorney's fees must include a reasonable itemization and description of the work performed, and an itemization of all costs sought to be charged as part of the fee award. LR 54-14. The motion should also include a brief summary of the results obtained; the time and labor required; the novelty and difficulty of questions; skill required to perform the services properly; the preclusion of other employment by the attorneys due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; the time limitations imposed by the client or circumstances; the experience, reputation, and ability of the attorneys; the undesirability of the case, the nature and length of the professional relationship with the client; awards in similar cases; and any other information the court may request. *Id.*; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

"When calculating the amount of attorney fees to be awarded in litigation, courts in this district apply the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *United States for Use & Benefit of Wells Cargo, Inc. v. Alpha Energy & Elec., Inc.*, No. 2:18-CV-1182-JCM-EJY, 2023 WL 2570424, at *5 (D. Nev. Mar. 20, 2023) (citing *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015)).

## III. DISCUSSION

### A. Motions for Attorney's Fees (ECF Nos. 154; 155) and Motion to Strike (ECF No. 163)

As the Court previously recognized, both parties are prevailing parties and are entitled to attorney's fees. (*See* ECF Nos. 141; 149.) The Court now considers each party's motion for attorney's fees in turn.

David's motion for attorney fees is within the scope of the Confidential Settlement Agreement and Release ("Agreement") and sets forth the required facts. The Agreement explicitly allows parties to recover attorney's fees, costs, and expenses to enforce any provision. Additionally, the Non-Disparagement Provision also allows "reimbursement of attorney's fees and costs to enforce the provision." David's motion for attorney's fees and his counsel's declaration appropriately summarized the factors required by the local rules. (ECF No. 154.) David's counsel prevailed on core issues and defended against counter-efforts; he paid opportunity costs in not working on other cases; and performed skillfully even though the legal questions were not novel or difficult. (*Id.*) The attached itemized time entries are reasonable estimates of the work required for this case, and the rates charged by David's counsel are comparable to rates charged by lawyers with similar education and experience in this district. (ECF Nos. 154; 154-1; 154-2.)

The Court also indicated that it would consider granting additional fees for work on summary judgment and reconsideration orders in light of the Court's spoliation rulings. (ECF Nos. 102; 119; 144.) Under Fed. R. Civ. P. 37(c)(1)(A), the Court can "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to disclose evidence. The Court finds that the expenses claimed for spoliation-driven work are reasonable, and in line with the spoliation sanctions previously imposed.

Accordingly, the Court calculates the rates charged by David's counsel

multiplied by the number of hours worked as $241,920.00, the additional fees related to spoliation as $30,420.00, meaning the total attorney's fees and costs are $272,340.00.[1]

Susan's motion for attorney's fees is also within the scope of the Agreement and sets forth many of the required facts. (ECF No. 155.) Susan's motion for attorney's fees and declaration appropriately summarized some of the factors required by the local rules. Susan's counsel prevailed on core issues and defended against counter-efforts; he paid opportunity costs in not working on other cases; and performed skillfully even though the legal questions were not novel or difficult. (*Id.*) The rates charged by David's counsel are comparable to rates charged by lawyers with similar education and experience in this district. (ECF Nos. 155; 155-1.)

However, while Susan's motion for attorney's fees indicates that work was apportioned between multiple lawyers to keep costs down, all timesheets show only one timekeeper, Mark B. Pyper, and only recite Mr. Pyper's billing rate. (ECF No. 155-1.) Additionally, several of the entries aggregate multiple tasks into single blocks, rely on vague descriptions, and charge attorney rates for clerical or administrative tasks, which violates LR 54's requirement for "itemization and description of the work performed." (ECF No. 155-1.) *See* LR 54-14(a)(3)(A). Accordingly, the Court finds that a thirty percent haircut of attorney's fees is reasonable and awards Susan $292,849.20.[2]

In her reply in support of her motion for attorney's fees, Susan concedes

---

[1] David also moved for $2,153.44 in taxable costs. Fed. R. Civ. P. 54(d) contains two separate provisions for costs. To request taxable costs, the prevailing party must file a bill of costs with the clerk. LR 54-1. Taxable costs are taxed by the clerk rather than the court. Fed. R. Civ. P. 54(d)(1); LR 54-1. Thus, David's request for taxable costs is properly recovered through a bill of costs filed with the clerk after judgment.

[2] Because both sides have been awarded attorney's fees, the Court compares what each side owes and finds that the remaining amount after subtracting $272,340.00 from $292,849.20 is $20,509.20, which is owed to Susan.

that invoices from other lawyers that worked on the case were inadvertently omitted and attempts to claim that $21,021.00 more in attorney's fees are appropriate. (ECF No. 162.) Susan also concedes that her original motion did not include a request for costs and expenses. (*Id.*) As a result, Susan attempts to claim that $5,935.50 in costs and expenses are also appropriate. (*Id.*)

In response, David moves to strike evidence (ECF No. 163) that is newly presented in Susan's reply[3] in support of her motion for attorney fees, including a supplemented declaration (ECF No. 162-1), a new declaration from Jessica Lujan (ECF No. 162-2), and new invoice batches. (ECF Nos. 162-3; 162-4.)

"Generally, a party cannot introduce new evidence or new arguments in a reply brief." *Atl.-Pac. Processing Sys. NV Corp. v. Plaut*, No. 2:21-CV-2060-JCM-NJK, 2023 WL 2744660, at *5 (D. Nev. Mar. 31, 2023) (citations and quotations omitted). If new evidence is presented, a court may "strike the evidence or give the opposing party a chance to respond." *Id.* (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

Susan concedes that this information is new and should have been submitted as part of the original motion. (ECF No. 162.) However, she provides no compelling reason as to why this information was not included in the original motion. (*Id.*) Accordingly, the Court grants David's motion to strike new evidence presented in her reply, and will not consider the supplemented declaration, the new declaration, the new invoice batches, or related arguments.

---

[3] Susan, also for the first time in her reply, attempts to move for prejudgment interest and post judgment interest. It is inappropriate to present this motion for the first time in a reply, and the post judgment interest motion is premature as judgment has not yet been entered.

**B. Motion for Order to Show Cause (ECF No. 151) and Motion for Sanctions (ECF No. 152)**

Susan moves for an order to show cause as to why David should not be held in contempt for failing to pay Susan the $650,000 that the Court ordered David pay in its order filed August 21, 2025. (ECF No. 151.) David argues, in response, that the motion is premature because judgment has not been entered. (ECF No. 156.) The Court agrees, and declines to enter an order to show cause at this juncture.

David moves for sanctions against opposing counsel under 28 U.S.C. § 1927 and the Court's inherent authority for (1) direct demands that Susan made to David's counsel, and a (2) threatening email from Mr. Pyper, Susan's counsel, to David's counsel, requesting David's counsel's malpractice insurance and limits. (ECF No. 152.) Susan argues, in response, that these mistakes were unintentional and innocent. (ECF No. 159.)

Under 28 U.S.C. § 1927, the Court may assess sanctions, including attorneys' fees, directly against attorneys who cause excess costs in litigation. 28 U.S.C. § 1927. Courts have limited awards under 28 U.S.C. § 1927 to cases where an attorney has acted in bad faith. *Salstrom v. Citicorp Credit Servs., Inc.*, 74 F.3d 183, 184–85 (9th Cir. 1996). David makes no argument as to how these recent improper communications have multiplied "proceedings . . . unreasonably and vexatiously," as required by 28 U.S.C. § 1927; accordingly, the Court declines to assess sanctions under that statute.

Federal courts also possess inherent authority to sanction litigation misconduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). These inherent powers are "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Courts may exercise this authority to impose sanctions "for a full range of litigation abuses,"

*Chambers*, 501 U.S. at 46, including fee-based sanctions where a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," or has delayed or disrupted litigation or taken actions for an improper purpose. *Id.* at 45–46 & n.10.

The Court finds that sanctions are not warranted at this juncture for improper communications. These two improper communications, which Susan maintains were unintentional, are not enough for the Court to assess sanctions under its inherent authority. The Court, however, takes note of these complaints regarding communications between Susan and opposing counsel and improper communications from Susan's counsel to David's counsel, and admonishes all parties to display courtesy and professionalism in their communications. Susan should also avoid communicating directly with opposing counsel.

**C. Motion for Judgment Debtor Exam (ECF No. 166)**

Susan moves for a judgment debtor exam, arguing that David has made no payment for contract damages awarded by the Court. (ECF Nos. 166; 166-1.) In response, David argues that this motion is premature because judgment has not been entered. (ECF No. 167.) The Court agrees.

Under Federal Rule of Civil Procedure 69(a)(1), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under Nevada Revised Statute 21.270, a "judgment creditor, *at any time after the judgment is entered*, is entitled to an order from the judge requiring the judgment debtor to appear and answer

upon oath or affirmation concerning his or her property." NRS 21.270(1) (emphasis added).

As stated above, judgment has not yet been entered in this case. A motion for judgment debtor exam is only appropriate after judgment has been entered. *See* NRS 21.270(1). The Court therefore denies the motion for judgment debtor exam as premature. Susan can renew her motion for judgment debtor exam after the Clerk of the Court enters judgment in this case.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that judgment be entered as follows:

The Court grants Susan summary judgment on Counterclaim 1, breach of contract, for failing to pay Susan $650,000. (ECF No. 124.)

The Court grants Susan summary judgment on Counterclaim 3, breach of the non-disparagement provision, for David's comments to Susan's niece.

The Court grants David summary judgment on Claim 1, breach of the non-disparagement provision, for Susan's comments to David's son. (ECF No. 115.)

The Court denies David's motion to dismiss as moot. (ECF No. 117.)

The Court grants summary judgment to Susan on David's remaining claims and summary judgment to David on Susan's remaining claims. (ECF No. 117.)

Accordingly, Susan is awarded $650,000 in contract damages.

IT IS FURTHER ORDERED that the Court GRANTS each parties' request for attorney's fees. (ECF Nos. 154; 155.) After comparing the awards, the Court finds that $20,509.20 in attorney's fees are owed to Susan.

IT IS FURTHER ORDERED that David's motion to strike (ECF No. 163) is GRANTED.

IT IS FURTHER ORDERED that Susan's motion for an order to show cause (ECF No. 151) is DENIED.

IT IS FURTHER ORDERED that David's motion for sanctions (ECF No. 152)

is DENIED.

IT IS FURTHER ORDERED that Susan's motion for judgment debtor exam (ECF No. 166) is DENIED as premature. Susan can renew her motion after the Clerk of the Court enters judgment.

The Clerk of the Court is kindly directed to enter judgment accordingly and close this case.

DATED THIS 16th day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE